SAMUELS, J.
Franklin Slaughter was presented by the grand jury in the Corporation court of Fredericksburg, for having opened and kept (within the jurisdiction of that court) an office, and transacting business as agent, without a license therefor, of the Protection insurance company of Hartford, incorporated and authorized *by the state of Connecticut. Issue was made up on the plea of not guilty; and a trial had, upon which the facts alleged in the presentment were proved, and the further fact that the members of the company are citizens of Connecticut. A verdict was found for the commonwealth assessing the fine at forty dollars. Several motions were made by the plaintiff in error for a new trial, and in arrest of judgment. These motions were severally overruled and judgment rendered on the verdict. The record was carried by writ of error to the Circuit court of Spotsylvania, by which court the judgment of the Corporation court was affirmed. The record is brought here by writ of error to the judgment of the Circuit court.
Whether the presentment should have been adjudged sufficient upon a demurrer, it is not material here to enquire, as the demurrer filed when the plaintiff in error first appeared, was afterwards withdrawn. After verdict a motion in arrest of judgment for defects in the presentment, can be sustained only in case it be so uncertain that judgment “according to the very right of the case,” cannot be given thereon. Although there is no distinct averment in the presentment that Ihe Protection insurance company is an insurance company, and we are left to infer the fact that it is such from its name, yet the offense is “charged therein with sufficient certainty for judgment to be given thereon according to the very right of the case.” The defect in the presentment, if it be a defect, is cured by the verdict; and the motion in arrest of judgment for this defect could not be sustained. Code of Virginia, ch. 207, § 12, p. 770.
The question made in the Circuit court and in this court in regard to the constitutionality of the statute, Code of Virginia, *294 ch. 38, § 25, p. 210, under which this prosecution is had, is presented by the motion for a new trial, and that in arrest of judgment. It is insisted ®that the judgment should be reversed, for that the plaintiff in error was merely an ag-ent for the Protection insurance company of Hartford, incorporated or authorized by the law of-the state of Connecticut; that the individual corporators of that company are citizens of that state; that as such citizens, under the constitution of the United States, article 4, 8 2, clause 1, they are “entitled to all privileges and immunities of citizens in the several states;” that in a case like this they have the privileges and immunities of citizens of Virginia; that as citizens of Virginia have the privilege to make contracts in Virginia for the insurance of others, with an immunity'from taxation for making such contracts, that these citizens of Connecticut have the same privilege and immunity; and that the statute above cited, imposing terms upon the agents and subagents of the company, which are not imposed upon citizens of Virginia, is a violation of that portion of the federal constitution above cited.
It is somewhat difficult to perceive how the plaintiff in error can raise this question in his case. He points out no discrimination between his privileges and immunities and those of all other citizens of Virginia engaged in his pursuit. It is not shown that he is a citizen of a state other than Virginia; the restrictions prescribed by the statute are imposed alike upon all in his condition. The defense, however, is not founded upon any alleged violation of the plaintiff’s personal privileges or immunities, nor upon any violation of privileges and immunities pertaining to his immediate principal, the Protection insurance company of Hartford; but upon an alleged violation of privileges and immunities guaranteed to those citizens of Connecticut, the corporators in that company.
This defense has its basis upon an error in confounding things, which are essentially different, in holding these individual citizens, with, their privileges andimmunities *as such, to be identical with the company in which they are corporators. The privileges and immunities guaranteed to them are annexed to their status of citizenship. They are personal, and may not be assigned or imparted by them, or any of them, to any other person, natural or artificial. If it were otherwise, and these citizens could impart their right to others, the limitation of the guaranty to “citizens” would be without practical effect; the right 'might be imparted to classes, and for purposes in ■ contravention óf our policy' and laws; and thus our welfare or even our safety be endangered.
It must be conceded by all, that these citizens of Connecticut can have no greater “privileges and immunities” than those, which an equal number of our own citizens' might enjoy. It must be further conceded by every one in Virginia, that fifty or a hundred (whatever number) citizens of Virginia could not without a charter associate themselves together, and usurp the franchise of a corporation; adopt a corporate name or seal; nor establish a perpetual succession, nor exempt their members from personal liability' for contracts of the association ; nor to any extent affect or repeal the laws regulating the succession to property, real or personal. In fine, it must be conceded, that our citizens, in any number, of their own motion, and in virtue of their mere citizenship, could do no corporate act whatever. Regarding citizens of Connecticut and of Virginia respectively as having equal privileges and immunities in this respect, we must hold that mere citizenship in Connecticut confers no corporate franchise in Virginia.
It is said however, in effect, that the charter in Connecticut confers the corporate existence, and also the faculty' of trading as a corporation; and that the federal constitution guarantees to the corporators the right to trade in Virginia as our own citizens may *trade. The reply is obvious, that we do not recognize the authority of Connecticut to confer on her own citizens privileges or immunities in Virginia, which we have not given to our own citizens within the state. Our own citizens, without a charter from our own authorities, can do no corporate act within the state. Those of Connecticut can be in no better position. The general assembly of Virginia alone has authority to say how far the general rules of property and the general law of liability for contracts shall be varied in favor of corporations. They have heretofore, by general laws ’ and by private acts of incorporation, exercised that power, and will, without doubt, continue to exercise it with reference to the welfare of our own people exclusively. They have not (if they could) conferred on another state unlimited discretion to charter companies to transact business in Virginia. It is a grave exercise of sovereign power to create artificial persons in. our midst not amenable to our laws; to vary' the general laws by conferring corporate existence, capacity and power. The authorities of Connecticut could not confer such faculties and functions on citizens of Virginia, to be exercised in Virginia; by' parity of reason, if no more, they cannot confer them on citizens of Connecticut, to be exercised here. The plaintiff’s theory rests upon the assumption that because private individuals may engage in particular pursuits, that therefore artificial persons called corporations, created and existing elsewhere, may engage in the same pursuits.; that the right to exercise their natural faculties in lawful pursuits, is identical with the right to engage in the same pursuits with the aid of a new organization with other and different faculties from those pertaining to the same individuals.
If we carry out the pretensions of the plaintiff to their legitimate results, we must hold that the authority '*of *295 another state may create a corporation within that state, but to use its corporate power within this state in any pursuit permitted to our own citizens: and that the only mode by which we can expel the intruder will be to forbid our own citizens to engage in that pursuit.
It seems to me that the chain of reasoning, by which corporate powers beyond the limits of the state conferring them are to be deduced from private individual rights of citizens, is utterly defective. I have no doubt of the power of the general assembly of Virginia to forbid foreign corporations from engaging in any pursuit within the state; and, of consequence, to grant x>er" mission to engage therein only upon terms ; and that the statute, Code of Virginia, ch. 38, $ 25, p. 210, is clearly within the scope of their legitimate powers.
The question as to the nature and extent of the privileges and immunities secured to citizens of the several states by the federal constitution, has from time to time been the subject of consideration in the federal and state courts. In several of the cases the claim to privilege and immunity was asserted under circumstances very like those of our case; but in no one of them was the claim allowed. In the cases of The Commonwealth v. Milton, and City of Lexington v. Same, 12 B. Monr. R. 212, the Court of appeals of Kentucky decided that a statute of that state imposing a tax upon insurance companies chartered in other states but doing business in Kentucky, was valid, although insurance companies chartered in Kentucky were not subjected to the same tax. In these cases the defendant relied upon the federal constitution, article 4, § 2, as does the plaintiff in our case; yet upon full consideration, it was held that the legislature have authority to enact the statute.
In Tatem v. Wright et al., 3 Zabriskie’s R. 429, the x’Sux)reme court of Sew Jersey affirmed the validity of a statute imposing a tax ux>on the agents of foreign insurance companies from other states doing business in New Jersey. They overruled the claim of privilege and immunity founded on the section of the federal constitution above cited; and they decided that a corporation aggregate was not a citizen, or entitled to the privileges of a citizen, excex>t perhaps for the purpose of giving jurisdiction to the federal courts.
In Corfield v. Coryell, 4 Wash. C. C. R. 371, the subject was under consideration; and the opinion of the court, pronounced by Judge Washington, contains an enumeration of the privileges and immunities secured by the federal constitution, but the franchise of coloration is not embraced therein. In Virginia they may be regarded as set forth in our bill of rights and constitution.
In the Bank of Augusta v. Earle, 13 Peters’ R. 519, the question was argued, and the right of the bank, a corporation chartered in Georgia, to make a contract in the line of its business, in Alabama, was affirmed. It was so held, because the comity of the state of Alabama x>ermitted the contract to be made within her borders. If there had been a statute in that state forbidding the bank to do business within that state, or allowing it to do so only upon terms, the Supreme court would have given full effect to such statute.
It is not necessary in the case before ns to express any opinion on the conflict between the decision of this court in Bank of Marietta v. Pindall, 2 Rand. 465, and that of the Supreme court in the Bank of Augusta v. Earle. The principle of either case seems to require the affirmance of the judgment.
The plaintiff’s counsel, in the argument here, alleged that the statute is in violation of the constitution of Virginia; that as the constitution, article 4, clause 22, ^'prescribes that “taxation shall be equal and uniform throughout the commonwealth, and all property, other than slaves, shall be taxed in proportion to its value, which shall be ascertained in such manner as may be prescribed bylaw;” and as clause 25 of the 4th article authorizes the general assembly to levy a tax on “incomes, salaries and licenses,” that such tax must also be “equal and uniform.”
The provisions of the 22d and 23d clauses were inserted with the intention of preventing onerous taxes upon slaves. As that species of property was chiefly held in the eastern portion of the commonwealth, and as the power of laying taxes would in a short time pass into the hands of the western portion, it was foreseen that the western portion, if the tax laying power should not be restricted, might discriminate in the levy of taxes to the prejudice of the owners of slaves. These clauses were therefore inserted in the constitution as a compromise, a guaranty for such equality of taxation as therein prescribed. A tax on the value of all property, other than slaves; as to slaves a tax equal to arid not exceeding the tax assessed on three hundred dollars worth of land was imposed on every one over the age of twelve years. The provisions of the clauses, taken in connection with the history of the times, leave no doubt that they were inserted as an adjustment of the supposed antagonism of eastern and western interests. The language, however, is broad enough to embrace all subjects of assessable value except slaves, and such is the construction put upon it by the general assembly. It is proposed, however, in the argument here, to extend the equality and uniformity prescribed by clause 22 to the subjects of taxation enumerated in clause 25. If it be conceded for the |>urposes of this case, that the rule of uniformity and equality must apply to both classes of subjects, yet it can only be so applied as far as practicable; *property of assessable value may readily be brought under the rule; so of incomes and salaries ; but the very large class of licenses, whence is derived a large revenue, cannot be assessed; licenses are necessarily ob *296 tained before engaging in the licensed pursuit; it would be idle to speculate ■ in advance as to the value of the privilege. To fix arbitrarily a specific tax for all licenses would be grossly unequal and far from uniform; to tax the merchant who may have fifty thousand dollars profitably invested in his business, and an inn keeper with a tenth part of that capital paying poorly in his business, the same specific sum, would be against the true meaning of the constitution. The requisitions of the constitution may be carried out by a uniform tax on licenses to persons following the same pursuit, under the same conditions and circumstances; a difference therein will justify a discrimination in the tax. The case before us is an apt instance of business pursued under a difference of circumstances, to justify such discrimination. Our domestic insurance companies are taxed upon their capital, or upon their dividends; a license tax cannot therefore be exacted of them. Constitution of Virginia, art. 4, clause 25. The Protection insurance company of Hartford is not and cannot be taxed upon its capital or dividends, they being beyond the reach of our laws. Our insurance companies are exempt from license tax because, and only because they pay a large tax in a different mode. The Protection insurance company of Hartford, insisting on equality and uniformity, claims an exemption from the license tax, although it does not pay that other tax in that other form, or any other tax whatever. Holding then that the general assembly of Virginia had authority to enact the statute, Code of Virginia, ch. 38, § 25, p. 210, I am of opinion that the defense founded upon its alleged unconstitutionality, is without merit.
*As I have said in regard to the other branch of the defense, I may say in regard to this, that it is difficult to perceive how the plaintiff can make it in his case ; there is no discrimination against him; he and all others in his business are subjected to precisely the same tax; he must be understood as maintaining the rights claimed for his principal.
I am of opinion to affirm the judgment.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.
CORPORATIONS (PRIVATE).
I. Definitions and Distinctions.
II. Creation of Corporations.
III. Incidents of Incorporation.
A. Generally.
B. The Charter.
C. The By-Laws.
D. Power of Courts and Legislature over Private Corporations.
E. The Term “Person” as applied to Corporations.
F. Powers of Corporations.
G. Eminent Domain.
H. Liability of Corporations.
IV. Stock and Stockholders.
A. The Contract of Subscription,
B. Liability of Stockholders.
C. Bight of Stockholders to Sue or Defend on
Behalf of Corporation.
D. Dividends.
E. Corporate Meetings.
V. Officers and Ag'ents of Private Corporations.
A. Generally.
B. Particular Officers.
C. Compensation of Officers.
VI. Consolidation and Succession.
A. Consolidation.
B. Succession.
VII. Dissolution of Corporations.
A. Causes.
B. Effect.
C. Suits to Wind up Affairs of a Corporation.
D. Receivers.
VIII. Pleading and Practice.
A. Suits Must Be Brought in Corporate Name.
B. Locality of Suits against a Corporation.
C. Service of Process.
D. Order of Publication.
E. Sheriff’s Return.
F. Suits by and against Corporations.
IX. Foreign Corporations.
A. No Legal Existence Outside of State Creating
Them.
B. Suits by and against.
C. Taxation.
D. Effect of War.
Cross References.
Banks and Banking, appended to Bank v. Marshall, 25 Gratt. 378.
Building and Loan Associations, appended to White, v. Mech. Build. Fund Ass’n, 22 Gratt. 233.
Insurance, Fire and Marine, appended to Mutual, etc., Soc. v. Holt, 29 Gratt. 612.
Insurance, Life and Accident, appended to McLean v. Piedmont, etc., Life Ins. Co., 29 Gratt. 361.
I. DEFINITIONS AND DISTINCTIONS.
A Corporation. — A corporation is “a body composed of one or more individuals, and possessed of a franchise, by virtue of which it subsists as a body politic, under a special designation, and by .the policy of the law is vested with the capacity of perpetual succession, and of acting in several particulars however numerous the association, as a single individual." 1 Minor’s Inst. (3rd Ed.) 529.
“A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law. Being the mere creature of law, it possesses only those properties which the charter of its creation confers upon it, either expressly or as incidental to its very existence. Among the most important are immortality, and, if the expression may be allowed, individuality. By these means a perpetual succession of individuals is capable of acting for the promotion of the particular object like one immortal being.” Marshall, O. J., in Dartmouth College v. Woodward, 4 Wheat. 636, cited in Railroad Co. v. Transportation Co., 25 W. Va. 324.
A corporation is an inanimate artificial being having no power to act except through living agents. Frazier v. Va. Mil. Inst., 81 Va. 59.
A Franchise. — A franchise is a special right or *297 privilege conferred on individuals 1)3" grant, actual or presumed, from the government and which otherwise they could not exercise. The property acquired is not the franchise, but the franchise consists in the incorporeal right. Roper v. McWhorter, 77 Va. 214; Tuckahoe Canal Co. v. Tuckahoe R. Co , 11 Leigh 76.
Public and Private Corporations Distinguished. -Corporations are generally divided into two classes, based on the character of their business. Corresponding to the private person is the private corporation, created for private purposes or ior the pecuniary gam of its members; and of course they do not cease to be private corporations, simply because the legislature supposed, as it always does, that their creation would indirectly promote the public interest.
On the other hand public corporations correspond to public officers in the division of natural persons. They are created generally for governmental purposes; or they may be created for business purposes and will still be public corporations, if the whole interest in the corporation belongs to the state. Railroad Co. v. Transportation Co., 25 W. Va. 324.
Quasi-Public Corporations. — There is also a third class of corporations corresponding to quasi public officers, called quart public corporations, viz. owners of ferries, common carriers, innkeepers, etc., 3Vho are chartered to conduct a business in which the public hasran interest; and hence are subject to the control of the legislature as to their maximum charges, etc. Railroad Co. v. Transportation Co., 25 W. Va. 324.
H. CREATION OF CORPORATIONS.
Status before Incorporation' -Conveyance to a Future Corporation. — After the corporators had signed an agreement to become a corporation, but before the charter had been obtained, a deed conveying land to such corporation by name was signed and acknowledged by the grantor, and delivered to a third party, with directions to retain it until the corporation obtained its charter and organized, and then to deliver it to the corporation; and, after the charter had been received, and the corporation organized under it. such third person delivered the deed to, and it was accepted by, the corporation. Ifeld, the said deed operated as a valid conveyance of said land to the corporation from the date of the delivery of said deed to it. Spring Garden Bank v. Hulings Lumber Co., 32 W. Va. 357, 9 S. E. Rep. 243.
Contracts Made in Behalf of a Future Corporation.— While a corporation cannot ratify contracts made in Us name or behalf before it has acquired life, it may exercise its power to make contracts when it comes into existence by accepting or adopting such contracts. Richardson v. Graham, 45 W. Va. 134, 30 S. E. Rep. 92.
No Particular Form of Words Necessary. — No particular form of words is necessary to the creation of a corporation, but it may result from implication and intendment. It is the grant of certain powers and privileges and the imposition of the necessary restrictions, which constitute the main elements of a corporation and as it is always a question of intention, the formal words, “erect, establish, incorporate.” etc., are not deemed essential; so an act of assembly authorizing a foreign corporation to extend their road into West Virginia makes such foreign corporation a West Virginia corporation. Goshorn v. Board, 1 W. Va. 307.
A Pipo Line Company an Internal Improvement Company — Might Formerly Be Created by Special Act in West Virginia. — A pipe line company, whose object is the transpon tation of petroleum and other oils, is an internal improvement company and might hare been created by a special act of the legislature under Art. XI, § 5, Constitution of West Virginia, and the power of eminent domain might have been conferred upon it. W. Va. Transp. Co. v. Volcanic O. & C. Co., 5 W. Va. 382.
Now no corporation can be created by special act in West Virginia but only by general law. Art. XI, sec. 1, Constitution of 1872.
Present Statute Relating to Court Charters. — For the provisions of the present statute for obtaining a charter by a corporation, see Code Va. (1887) sec. 1145; Code W. Va. (1891) ch. 51
Same Effect as When Conferred by the Legislature. Franchises and corporate rights granted indirectly by the state through instrumentalities provided by general laws for such purposes, are the same in effect, as if the power conferring such franchises and rights had been exercised directly by the state itself. Mason v. Harper’s Ferry Bridge Co., 17 W. Va. 396.
No Fee Required Now in Virginia.- -There is now no law in Virginia requiring a fee to be paid on every charter before it becomes operative. Combined Saw & Planer Co. v. Flournoy, 88 Va. 1029. 14 S. E. Rep. 976.
When Legal Existence of Corporation Chartered by the Courts Begins. — When a charter has been granted by a circuit court, pursuant to section 1145 of the Code, and lodged with the secretary of the commonwealth for recordation (the tax thereon having been paid when a taxis required), the corporation so chartered has a legal existence, and may sue and be sued as a corporation. In the absence of any provision in the order granting the charter requiring the minimum capital to be subscribed, the stockholders are not liable as partners although the minimum capital has not been subscribed. The subscription of the minimum capital is not a condition precedent to the existence of the corporation. Coalter v. Bargamin. 6 Va. Law Reg. 757.
Necessity for Filing Certificate of Incorporation.-Where the statute law of a state requires the filing of the original certificate of incorporation, such filing is a condition precedent to the creation of the corporation and until this has been done, it has no existence, and that fact may be taken advantage of collaterally whenever the fact of incorporation is called in question. Childs v. Hurd, 32 W. Va. 66, 9 S. E. Rep. 362.
Presumption That Incorporation Was Regular. —- Where the law requires that notice shall be given of a meeting to organize a corporation, if it appears by the books of the corporation that such a meeting was held with the requisite numbpr of stockholders present, it will be presumed that the proper notice was given. Grays v. Turnpike Co., 4 Rand. 578.
Where the law requires the presence at the first meeting of a corporation, of “the number of persons entitled to a majority of all the votes which could be given on all the shares” and the books showed merely the presence “of a majority of shareholders” it will be presumed that the meaning was the same. Grays v. Turnpike Co., 4 Rand. 578.
De Facto Corporations. — Where the defendant is sued by its corporate name and issues its policies signed by the president and treasurer, that fact *298 alone will justify the inference that defendant is a de facto corporation. Bon Aqua Imp. Co. v. Insurance Co., 34 W. Va. 764, 12 S. E. Rep. 771.
Liability, — The principle to be deduced from our statute and the authorities, is, that a private business corporation, acting, and carrying on its corporate business in its corporate name, after its legal existence has ended by the expiration of its charter, must be held to be a corporation defacto; and that as such, so long as it in fact so carries on its business, and contracts or incurs liabilities with, or to third persons dealing with it as a de facto corporation, it may sue and be sued-at law, either in actions ex contracto or ex delicto, and it cannot defeat such action by alleging that its charter had expired before the cause of action arose. Its directors and stockholders by failing to wind up its business when the charter expires, as it is their duty to do under our statute, cannot relieve the corporation from liability for acts done in its name,- and during its actual existence as a defacto corporation. In order to relieve it from liability the corporation must have ceased to exist both in law and in fact. And consequently, when- it is sued as a corporation, a plea averring simply that it has ceased to exist in law, or as a legal corporation, will be insufficient, but it must aver also that it had ceased to exist in fact at the time the alleged cause of action arose. Miller v. Newburg, etc., Coal Co., 31 W. Va. 836; 8 S. E. Rep. 600.
HI. INCIDENTS OF INCORPORATION.
, A. GENERALLY.
Corporation a Distinct Entity. — It -is well settled that from the very nature of a private business corporation, the stockholders are- not the private and joint owners of its property, etc.; the corporation is the real though artificial person substituted for the natural persons who procured its creation and have pecuniary interests in it. It must purchase, hold, grant, sell and convey the corporate property, do business, sue and be sued, plead and be impleaded for corporate purposes by its corporate name. Park v. Petroleum Co., 25 W. Va. 108; Barksdale v. Finney, 14 Gratt. 338.
Its Property Taxable in Name oí Corporation. — Property belonging to'a corporation is vested in the shareholders in their corporate capacity and not' as individuals, and is consequently taxable in the name of the company. B. & O. R. Co. v. Supervisors, 3 W. Va. 319.
B. THE CHARTER.
AH Persons Dealing with Corporation, Bound with Notice. — Persons dealing with a corporation are bound with notice of whatever is contained in the law of its organization and they must be presumed to be informed as to the restrictions or conditions annexed to the grant of power, by the law under which the corporation is authorized to act. Silliman v. R. Co., 27 Gratt. 119; Bocock v. Alleghany C. & I. Co., 82 Va. 913, 1 S. E. Rep. 325; Haden v. F. & M. Fire Ass’n Co., 80 Va. 683; Smith v. Cornelius, 41 W. Va. 59, 23 S. E. Rep. 599; Bockover v. Life Ass’n, 77 Va. 85; Whitehurst v. Whitehurst, 83 Va. 155, 1 S. E. Rep. 801; Building Ass’n v. Snyder, 98 Va. 710, 37 S. E. Rep. 298; Campbell v. Building Ass’n, 98 Va. 729, 37 S. E. Rep. 350, 6 Va. Law Reg. 632.
In Case of Court Charters, from the Time of Filing.— After the charter of a corporation has been lodged for record in the office of the secretary of the commonwealth-anyone dealing with such corporation is bound with notice of its provisions. Real Estate Co. v. Claiborne, 97 Va. 734, 34 S. E. Rep. 900.
Acquiescence in Change of Charter. — And if a stockholder pays any installment on his stock or participates in a stockholders’ meeting, he is estopped to deny knowledge of the terms and provisions of the charter, however much it may vary from his contract of subscription. Real Estate Co. v. Claiborne, 97 Va. 734, 34 S. E. Rep. 900.
The General Law Forms Part of the Charter. — A general law does not need to be copied into the charter, but forms an essential part of it and all parties are bound by its terms whether copied into the charter or found only in the statute book. Knights of Pythias v. Weller, 93 Va. 605, 25 S. E. Rep. 891.
Also Provisions Hade in Pursuance of Authority of the Legislature. — Where the act of incorporation is. a bare grant of existence to the corporation, to be effectuated by the provisions imposed on it by the governing bodies of the cities and counties named therein respectively, such provisions will constitute-an organic part of the charter of such corporation. Richmond, etc., Ry. Co. v. Brown, 97 Va. 26, 32 S. E. Rep. 775.
- Construction of Charter. Construed Strictly against the Corporation. — It is a well-settled rule of construction of grants by the legislature to corporations, whether public or private, that only such powers and rights can be exercised under them, as are clearly comprehended within the words of the actor derived therefrom by necessary implication, regard being had to the objects of the grant; any ambiguity or doubt arising out of the terms used by the legislature must be resolved in favor of the public. Roper v. McWhorter, 77 Va. 214.
“The grant of privileges and exemptions to a corporation is strictly construed against the corporation, and in favor of the public. Nothing passes but what is granted in clear and explicit terms. And neither the right of taxation nor any other-power of sovereignty which the community have an-interest in preserving, undiminished, will be held by the court to be surrendered, unless the intention to surrender is manifested by words too plain to be mistaken.” Chief Justice Taney in Ohio Life Ins. Co. v. Debolt, 16 Howard 416, cited with approval in B. & O. R. Co. v. Supervisors, 3 W. Va. 319.
Effect of Acceptance of New Charter. — When a new charter is granted to and accepted by a corporation the former charter is not thereby wholly superseded, but only in those respects in which it is inconsistent with the new charter. B. & O. R. Co. v. Supervisors, 3 W. Va. 319.
C. THE BY-LAWS.
Stockholders Bound with Notice. — A stockholder is bound, at his peril, to take notice of the by-laws of the corporation, ‘of which he is a member. Real Estate Co. v. Claiborne, 97 Va. 739, 34 S. E. Rep. 900; Campbell v. Ass’n, 98 Va. 729, 37 S. E. Rep. 350, 6 Va. Law Reg. 632.
Absence When They Were Adopted Immaterial.— Where the charter of a corporation allows a majority to alter and amend the rules and regulations as they may judge necessary, all members of the corporation will be bound by such subsequent change, confirmed by Act of Assembly, though not present at the meeting adopting it. Currie v. Mut. Ass’n Soc., 4 H. & M. 315.
General Power to flake By-Laws. — The power to make reasonable by-laws, consistent with its charter inheres in every corporation. One who becomes a *299 member, subjects himself not only to regulations then existing, but to those afterwards enacted within the scope of such power. The corporation cannot by a subsequent by-law destroy the contract o£ membership or change the essential character of an antecedent agreement between a member and the corporation; but a by-law more or less affecting the remedy of shareholders may be passed and existing members will be bound by it, so far, at least, as they consented to the exercise of such a power when they became members. Building Ass'n v. Snyder, 98 Va. 710, 37 S. E. Rep. 298.
Limitations, — A corporation has not the power, by laws of its-own enactment, to disturb or devest rights which it has created, or to impair the obligation of its contracts, or to change its responsibility to its members, or to draw them into new and distinct relations; and all by-laws attempting to do this are inoperative and void. Savage v. People’s Building, etc., Ass’n, 45 W. Va. 275, 81 S. E. Rep. 991.
Must Not Be Contrary to Existing Laws. - A by-law in contravention of the laws of Congress is void. Feckheimer v. Bank, 79 Va. 80.
D. POWER OF COURTS AND LEGISLATURE OVER PRIVATE CORPORATIONS. — Neither the courts nor the legislature can control the conduct or actions of a private corporation when acting within the scope of the powers conferred npon it by its charters, any more than they can control the conduct of a private person in his business. To this rule there are some exceptions arising from the character of the business, for which see “Quasi-Public Corporations,” infra. Railroad Co. v. Transportation Co., 25 W. Va. 324.
Where the charter of a water company provides that the water rates shall be uniform throughout the town for the same class of service, but allows a charge of $9 per hydrant, and also allows a maximum charge of 5 cents per hundred gallons thereby impliedly authorizing a charge by measurement, the plaintiff cannot enjoin the water company from charging by measurement as long as the company keeps within its charter and does not discriminate between consumers in the same circumstances. Exchange, etc., Co. v. Roanoke Gas & Water Co., 90 Va. 83, 17 S. E. Rep. 789.
May Compel Payment of Employees in Lawful Honey. --The act of March 7.1891, prohibiting corporations, etc., from paying their employees in other than lawful money, also the act of March 9, 1891, touching the weighing of coal, are not in violation of the Constitution of the United States or of West Virginia. Coal Co. v. State, 36 W. Va. 802, 15 S. E. Rep. 1000.
Charter a Contract. — The charter of a strictly private corporation is almost universally admitted to be a contract and the legislature cannot, without the corporation's consent, alter its charter in a material respect, since it would be impairing the obligation of the contract, and consequently unconstitutional. Railroad Co. v. Transportation Co., 25 W. Va. 324.
A Perry Franchise Private Property. — A ferry franchise is private property within the meaning of the constitution, which declares that private property shall not be taken or damaned for public use without Í ust compensation. Mason v. Harper’s FerryBridge Co., 17 W. Va. 396.
Grant of a Charier Not Exclusive.- The grant of a charter to one corporation is not held to be exclusive and to prevent the chartering of rival companies, but whenever exclusive rights are intended express provisions must be introduced. Monopoly is not a matter of inference; it must rest its pretensions upon express grant. It is a restriction upon common right and legislative power, hence cannot be implied. Tuckahoe Canal Co. v. Tuckahoe R. Co., 11 Leigh 43, 36 Am. Dec. 374 ; Roper v. McWhorter, 77 Va. 214.
Reserved Power of Modification or Repeal.
May Repeal but Cannot Modify without Consent of Corporation. — “The power of the legislature to‘repeal. alter or modify the charter of any bank at its pleasure,' must be held to be limited to this extent. It may certainly repeal the charter of any bank, but it cannot compel a bank to accept an amendment or modification of its charter. Nor is any such amendment or modification of its charter binding npon the bank without ‘its acceptance. Banks are private corporations, created by a charter, or act of incorporation from the government. which is in the nature of a contract, and therefore, in order to complete the creation of such corporations, something more than the mere grant of a charter is required ; that is, in order to give to the charter the full force and effect of an executed contract, it must be accepted. It is clear that the government cannot enforce the acceptance of a charter upon a private corporation without its consent. These well-settled principles are everywhere recog - nized as applicable to the original charters of incorporation ; and upon principle and authority they apply with equal force to any amendment or modification of the charter as well as to the original charter. Though the legislature may have the reserved power to amend or modify a charter of incorporation, it can no more force the corporation to accept such amendment or modification, than it could have forced upon them the acceptance of the original charter without their consent. Under the reservation they can repeal or destroy the charter, without any consent on the part of the corporators, but as long as they remain in existence as a corporate body, they necessarily have the power to reject an amendment or modification of their charter. The power reserved by the legislature gives the right certainly to repeal or destroy, but so far as the right to modify or alter is concerned, it is nothing more than the ordinary case of a stipulation that one of the parties to a contract may vaiy its terms with the consent of the other contracting party. These principles grow out of the nature of charters or acts of incorporation, which are regarded in the nature of contracts. The amendment or modification must be made by the parties' to the contract, the legislature on the one hand, and the corporation on the other, the former expressing its intention, by means of a legislative act, and the latter assenting thereto by a vote of the majority of the stockholders, according to the provisions of its charter, or by other acts showing its acceptance.
“The reservation of the right to alter, amend or repeal the act by which the corporation is created, maybe prudent and salutary; but it seems to be a necessary implication, that if the legislature should undertake to make what in their opinion is a legitimate alteration or amendment, the corporation has the power to reject or accept it, whatever may be the consequences. One consequence undoubtedly is, that the corporation cannot conduct its operations in defiance of the power that created it: and if it does not accept the modification or amendment proposed, must discontinue its operations as a corporate body. But such amendment or modification *300 cannot be forced upon the corporation without its consent.” Christian, J., in Yeaton v. Bank of Old Dominion, 21 Gratt. 593; Norwich Lock Mfg. Co. v. Hockaday, 89 Va. 557, 16 S. E. Rep. 877.
The act of March 1st, 1867. entitled "An act to authorize the J ames River & Kanawha Company to borrow money;” though, when accepted by the company, it created a contract between the company and the state, did not create a contract between the company and the holders of the state bonds therein mentioned; and though the company executed a mortgage on its property to secure the money authorized to be borrowed by said act, yet, if the company has not borrowed the money or made use of the bonds intended to be secured by the mortgage, it cannot be held to have accepted the terms of the act or become liable under its proviso. Stuart v. James River, etc., Co., 24 Gratt. 294.
Not Necessary to an immaterial Change. — A limited power to borrow money conferred on a building association by a new charter, is not such a radical departure from the original design and business of the company as would necessitate the assent of each member of the company in order that he may be bound by it. Bosang v. B. & L. Ass’n, 96 Va. 119, 30 S. E. Rep. 440.
A Branch Bank Cannot Accept Modification for Mother Bank. — a branch bank, having no separate charter has no power to accept a modification of the charter of the mother bank. Yeaton v. Bank of Old Dominion, 21 Gratt. 593.
Cannot Disturb Existing Contracts. — Under the reserved right "to repeal, alter or modify” the legislature may alter the charters of banks or take them away altogether, but it cannot disturb contracts lawfully made under such charters, or disturb rights already legally vested under the old charters. Anderson, J., dissenting. Bank of Old Dominion v. McVeigh, 20 Gratt. 457.
May Be Exercised Either by General or Special Law. Under a power of modification or repeal reserved in the charter, the charter may be modified by a general law as well as by special act, so as to make shareholders personally liable, and those who become, or continue shareholders, must be understood as consenting to it. Anderson v. Com., 18 Gratt. 295; Robinson v. Gardiner, 18 Gratt. 509; Va. Devel. Co. v. Crozer Iron Co., 90 Va, 126, 17 S. E. Rep. 806.
Distinction in Case of Quasi-Public Corporation.— But a quasi-public corporation having accepted a franchise in which the public has an interest, is subject to the control of the legislature as to its charges, etc., in the exercise of the police power, and a provision in their charter fixing a maximum charge, is not a contract, but amounts to nothing more than a license which may at any time be changed by the sovereign power from the state. Railroad Co. v. Transportation Co., 25 W. Va. 324.
May Take Away Exclusive Privileges. — The right to establish ferries and toll bridges is in the legislature and that body can at any time, by a repeal of the general law, take away all the exclusive privileges of proprietors theretofore existing; but it has not done so in West Virginia. Mason v. Bridge Co., 17 W. Va. 396.
When Mandamus Will Lie to a Corporation to Compel a Transfer of Stock. — Where a by-law requires that the transfer of shares be made on the books of the bank and the right to a transfer is established, if the bank refuses to open its books and allow the transfer, a court of equity will compel the bank to transfer not only the shares but the accrued dividends, since it is a case for specific performance and damages would be inadequate. Feckheimer v. Bank, 79 Va. 80.
To Compel Performance of Its Corporate Duties.- ■ Mandamus will lie to a corporation to compel it to perform the duties imposed upon it by its charter, viz. issuing a transfer when required to do so by its charter. Richmond Ry., etc., Co. v. Brown, 97 Va. 26, 32 S. E. Rep. 775.
Sunday Laws Applicable to Corporations Engaged in interstate Commerce. — In Norfolk & West. R. Co. v. Com., 88 Va. 95, 13 S. E. Rep. 340, the statute, Code Va. 13801, prohibiting the running of trains on Sunday, with certain specified exceptions, was held void as in conflict with the United States constitution, as an improper regulation of interstate commerce, whether intended to be so or not, in a matter of national concern, and that it made no difference that Congress had not acted in the matter; and it could not be justified as an exercise of the police power. Long, J., dissenting. But in Norfolk & West. R. Co. v. Com., 93 Va. 761,24 S. E. Rep. 837, this same statute was upheld as constitutional, as being a valid exercise of the police power, and, though in this case the train consisted only of empty coal cars, hence was held not to be engaged in interstate commerce, yet the court expressly disapproved of the decision in Norfolk & West. R. Co. v. Com., supra, saying, “A state may, in order to secure and protect the lives and health of its citizens, or to preserve good order and the public morals, legislate for such purposes, In good faith and without discrimination against interstate or foreign commerce, without violating the commerce clause of the United States constitution although such legislation may sometimes touch in its exercise the line separating the respective domains of national and state authority, and to some extent affect foreign and Interstate commerce." State v. Railroad, 24 W. Va. 783.
B. THE TERM “PERSON” AS APPLIED TO CORPORATIONS. — "The term ‘person’ used in law, is unquestionably sufficiently comprehensive to embrace corporations; and it must be held to embrace them, unless there is something in the law showing the legislative, intent to restrict its application." Cabell, J., in Stribbling v. Bank of the Valley, 5 Rand. 132; Crafford v. Supervisors, 87 Va. 110, 12 S. E. Rep. 147; State v. B. & O. R. Co., 15 W. Va. 362.
“Corporations are to be deemed and taken as persons when the circumstances in which they are placed are identical with those of natural persons expressly included in a statute.” Allen, J., in B. & O. R. Co. v. Gallahue, 12 Gratt. 655; W. U. Tel. Co. v. Richmond, 26 Gratt. 1; Quesenberry v. Ass’n, 44 W. Va. 512, 30 S. E. Rep. 73; Bank v. Distilling Co., 41 W. Va. 530, 23 S. E. Rep. 793. See Code Va. 1887, § 5, subsec. 13; Code W. Va., ch. 13, sec. 17, clause 9.
Especially Is this true of statutes imposing a tax in which the word "persons” embraces corporations unless excluded by express terms or necessary implication. Miller v. Com., 27 Gratt. 110.
"For civil purposes, corporations are in law deemed persons. The only doubt has been whether that word would be so construed as to embrace them within the purview of penal statutes, and in the case of U. S. v. Amedy, 11 Wheat. 393, the court decided that under the act of Congress making it felony to destroy a vessel with the intent to prejudice any person or persons that had underwritten such vessel corporations were comprehended.” Allen, J., in U. S. Bank v. Merchant’s Bank, 1 Rob. 573. But see Miller v. Com., 27 Gratt. 110. *301 Corporations are in law for civil purposes deemed persons; they have power to plead, be impleaded, grant or receive by their corporate names and to do all other acts within the purview oí their corporate power, which natural persons can do. B. & O. R. Co. v. Gallahue, 12 Gratt. 655.
A corporation is a "person” so as to come within the purview of the act, 11?. G. 1819, p. 174. directing the method oí proceeding against absent debtors in courts of equity so that a suit may be maintained against a foreign corporation where it has estate within the commonwealth. Bank of U. S. v. Merchants' Bank. 1 Rob. 573. Stanard and Brooks. JX, dissenting. B. & O. R. Co. v. Gallahue, 12 Gratt. 655.
Liable as Garnishee. — A corporation is liable as garnishee under the attachment laws, being included in the word "person" used in the statute. B. & O. R. Co. v. Gallahue. 12 Gratt. 655.
Subject to the Usury Laws. — Corporations generally are within the usury laws; being included under the designation of "person.” The fact that a bank is allowed to take a traction of a per cent, more than the generallaw allows does not amount to a general repeal of the usury law as to that bank, but is only a protection against the usury law up to the specilied limit. Stribbling v. Bank, 5 Rand. 132; Crabtree v. Ass'n, 95 Va. 670, 29 S. E. Rep. 741, 4 Va. Law Reg. 12, and note.
Effect of Rule of Ejusdem Generis. — But, in Lynchburg v. R. Co., 80 Va. 237. it was held that a section of the charter of the city of Lynchburg which granted authority to impose a license tax upon persons engaged in certain enumerated callings and “upon anj* other person or employment, which it may deem proper whether such person or employment be herein specially enumerated or not” does not empower the city to impose such a tax upon a railroad corporation, “which is neither a person nor employment'in the ordinary acceptation of these words.” Hinton, J. The decision was based on the rule of ejusdem generis.
F. POWERS OP CORPORATIONS.
Corporation Must Exercise Its Powers Collectively, Not Individually. — Where authority is conferred on a corporation aggregate by statute to make contracts, neither a majority of the members, nor all of them acting separately have the power to bind the corporation; one of the principal objects being'the concurrent counsel and deliberation of the members acting together; and of course, if they cannot 'jfiake a binding' contract acting separately, they cannot, individually, ratify what has been done, so as to bind the corporation. A corporation can only act as a body or by its authorized agents. Penn. Lightning Rod Co. v. Board of Education, 20 W. Va. 360.
Implied Powers.--"Corporations aggregate are artificial beings created tor specific and limited objects, public or private, in order to conduct and continue in succession the interests pertaining to those objects. by the exercise collectively of appropriate, legitimate means, such as natural persons may employ individually. . The difference between the powers of corporations and individuals is to be found mainly in the limited objects of the former, and the necessity of their acting in a concrete character. It is essential to corporations, as well as individuals, that they should have the capacity to sue and be sued, to make contracts, to acquire and alienate property. Without these powers the purposes of their institution could not be accomplished. But they have not, like individuals, an unlimited discretion in the application of these powers. They may not exercise them ior purposes foreign to their creation. A bank of discount and deposit cannot engage in manufacturing or agricultural pursuits; an insurance or mining company cannot discount bills or notes, or circulate their paper an money: a road or navigation company cannot speculate in lands or stocks. But all such corporations have the right to secure and collect debts due to them, and consequently to obtain deeds of trust or mortgages therefor upon property real or personal, or to commute them by taking in payment assignments of chases in action, or conveyances of lands or goods. The authority to use such means is to be determined by the lawfulness of the end which they are employed to accomplish.
“It is true that the capacity of corporations at common law to purchase and hold lands and chattel» is laid down broadly in the books, though I am not aware of any case in which the question was made whether this power was unlimited. However this may be. I think it clear that our statutory corporations cannot take and hold real estate for purposes wholly foreign to their creation.” Rivanna Nav. Co. v. Dawsons, 3 Gratt. 20; The Banks v. Poitiaux. 3 Rand. 136; Wroten v. Armat, 31 Gratt. 228.
Whilst no powers will be implied except those only which are incident to the very existence of the corporation or so necessary to the enjoyment of some special grant that without the implied power such right would fail, yet it is an established principle that corporations may exercise all the powers within the fair intent and purpose of their creation which are reasonably proper to give effect to powers expressly granted. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866.
Implied Powers flay Be Curtailed by the Provisions of the Charter.--lt is, moreover, unquestionable that the general incidental power of a corporation, whether derived from the common or the statute law, may be curtailed by the provisions of its legislative charter, either expressly or by necessary implication. Thus the charter may in terms prohibit the corporation from purchasing lands or goods for any purpose whatever, or for any but a particular specified purpose; or the prohibition may be implied from an insertion, by way of enactment, of the general incidental power to purchase, with a proviso limiting it to a given purpose. But a general prohibition would not be inferred from a mere partial enactment of the incidental common-law power; as, for example, from a clause authorizing a bank, insurance or manufacturing company to purchase land for the erection of its necessary buildings. Such a clause, whether with or without limitation as to quantity or value, would not exclude the incidental power to take mortgages or other securities on real or personal estate, for debts due the corporation, or assignments or conveyances of chattels or lands in commutation therefor.
The incidental capacity of a corporate body to acquire property for its chartered objects, is for the most part salutary, and the entire prohibition of it would often be productive of great inconvenience. Nothing is easier, whenever sound policy may require the denial of this otherwise inherent power, than a plain manifestation of such legislative intent in the charter of incorporation; and it ought not to be lightly inferred, but made manifest by express terms or necessary implication. Rivanna Nav. Co. v. Dawsons, 3 Gratt. 19; Wroten v. Armat. 31 Gratt. 228.
*302 Powers of Corporations Depend upon the True Construction of Their Charters. — whatever the implied powers of corporations aggregate may be at common law and the modes hy which those powers are to he carried into operation, corporations, either private or public, created by statute, must depend, both for their powers and the mode of exercising them upon the true construction of the statute creating them; they are precisely what the statute has made them, they derive all their powers from the statute, and are capable of exercising their powers only in the maimer prescribed or authorized hy it. Penn. Lightning Rod Co. v. Board of Education, 20 W. Va. 360; B. & O. R. Co. v. Supervisors, 3 W. Va. 319; Smith v. Cornelius, 41 W. Va. 59, 23 S. E. Rep. 599.
Subject to the Police Power of the State. — A corporation, where it is not otherwise provided in its charter expressly or by clear implication, in the use of its property, the exercise of its powers and the transaction of its business, stands upon the same footing as natural persons and is subject to the same control under the police powers of the state or a municipal corporation. Under this police power a city ordinance forbidding a railroad to propel cars through certain crowded streets of'a city by steam, was upheld as not impairing the obligation of the contract of incorporation. Richmond, Fred’g & Pot. R. Co. v. City of Richmond, 26 Gratt. 83.
Power of Corporation to Contract — Necessity for Seal. Old Rule — New Rule. — In ancient times corporations aggregate could do nothing except hy deed under their corporate seal. But this rule cannot now he supported as a general proposition. A corporation, like a natural person can grant’or convey land only hy deed but it is now firmly established that a corporation may he bound by promises express or implied, resulting from the acts of its authorized agents, although such authority be conferred only hy virtue of a corporate vote unaccompanied by the corporate seal. Penn. Lightning Rod Co. v. Board of Education, 20 W. Va. 360.
A corporation may make a contract without the use of a seal in all cases where this may he done by an individual. Grubbs v. Insurance Co., 94 Va. 589, 27 S. E. Rep. 464; Kelly v. Board, 75 Va. 263; Banks v. Poitiaux, 3 Rand. 136, 15 Am. Dec. 706; Legrand v. Hampden-Sidney College, 5 Munf. 324.
Realty Passes Only by Deed. — When the charter of a corporation declares its stock to be personal estate, but that its real estate should only be conveyed as other real estate, such real estate will not pass except hy deed duly executed. Barksdale v. Finney, 14 Gratt. 338.
Seal nust Be Affixed by Authority of Corporation, and Be Intended for a Seal. — The mere presence'of what purports to he- the seal of a corporation impressed upon a contract that would he a valid and binding contract, though not under seal, will have no effect on its apparent character without- proof that the seal is the seal of the corporation and was affixed by its authority and that it was the intention of the parties that it should he a sealed instrument. Grubbs v. Insurance Co., 94 Va. 589, 27 S. E. Rep. 464, 3 Va. Law Reg. 279, and note.
Private Seal of PresidentNot Sufficient. — To constitute a valid deed of a corporation, the corporate seal must he affixed, the private seal of the president is not sufficient; but such an instrument purporting to he a deed of trust of the corporation though invalid as the “deed” of the corporation, is valid as a mortgage of the personal property of the corporation, which it purports to convey. Rauch v. Oil Co., 8 W. Va. 36.
Sufficient Authority to Execute Deed. — When a corporation, at a meeting of stockholders, authorizes the officers of the corporation to execute a deed under the direction of the executive committee, that is sufficient authority to the president to execute the deed under the direction of said committee. Merchants’ Bank v. Goddin, 76 Va. 503.
Presumption That Seal Was Affixed by Proper Authority. — The rule is well settled thatif a contract purports to he sealed with the seal of the corporation and it is proved to be signed and executed by the proper agents, the presumption is that the seal was regularly affixed by the proper authority; and a contract under seal, executed by an agent within, the scope of his appointed power, will he held valid and binding upon the corporation until evidence to the contrary has been introduced, and the presumption of authority to affix to the instrument the seal of the corporation willnot he overcome by the mere fact that no vote of the directors authorizing it is shown, since it is often-the case that large powers are executed by corporate officers with the tacit approval of the corporation, and if the stockholder has notice of the contract and acquiesces hy failing to make any inquiry as to its validity, he is estopped to question its validity afterwards. Fidelity Ins. T. & S. D. Co. v. Shenandoah Val. R. Co., 32 W. Va. 244, 9 S. E. Rep. 180.
The President a Proper Person to Execute the Deed. —A deed of a corporation, executed by the president under the seal of the corporation, is a valid deed. Merchants’ Bank v. Goddin, 76 Va. 503.
Where the deed of a corporation was signed hy the corporation, by its president, with the corporate seal affixed and the certificate of the notary stated that "Thos. L. Rosser, president, whose name is signed to the writing hereto annexed,” acknowledged the same before him in his county, this was held a sufficient execution of the deed by the corporation. Banner v. Rosser, 96 Va. 238, 31 S. E. Rep. 67.
Sea! Hust in Any Case Be Acknowledged. — The seal of a corporation, even though an actual seal, must he acknowledged in the body of the instrument. Salt Co. v. Norfolk, etc., Co., 95 Va. 461, 28 S. E. Rep. 567, 3 Va. Law Reg. 722, and note.
Sufficient Acknowledgment of Seal. — it is a sufficient acknowledgment of a corporate seal in the body of an instrument, if the instrument is there acknowledged to be a bond, inferentially an instrument under seal. Dinwiddie Co. v. Stuart, 28 Gratt 526.
Act Validating Deeds of a Corporation Must Not interfere with Vested Rights. — The Act approved March 1, 1894 (Acts 1893-4, p. 580) validating deeds in favor of* a corporation, which were acknowledged before a notary, who was an officer or stockholder of the corporation at the time, is unconstitutional in so far as it impairs the lien of judgments recovered and docketed prior to the approval of such act. Merchants’ Bank v. Ballou, 98 Va. 112, 32 S. E. Rep. 481.
Defective Certificate of Acknowledgment of a Deed.— A certificate of acknowledgment of a deed conveying real estate by a corporation, which fails to show that the officer or agent executing it was sworn, and deposed to the facts contained in the certificate, as required by sec. 5, ch. 73, Code, is fatally defective, and does not entitle such deed to be recorded. Abney v. Ohio Lumber & Mining Co., 45 W. Va. 446, 32 S. E. Rep. 256.
*303 Defence of Usury Not Available to Corporation.- The j Act of March 22, 1873. Code Va. 1887. sec. 2825, im>ro-1 hunting the defence of usury to corporations is not In violation of the federal constitution or that of Virginia and is retroactive in its operation, even though suit has been brought on such a contract before its passage. Danville v. Pace, 25 Gratt. 1.
Relation of Corporation to Stockholder Not a Fiduciary One.- — An individual stockholder is not, by reason of being a stockholder, a part owner of the property of the corporation, or entitled to act for it as its agent; but he stands as a stranger towards it and may sue it and. be sued by it and deal with it at arm's length. Kanawha Coal Co. v. Ballard & Welch Coal Co . 43 W. Va. 721. 29 S. E. Rep. 514.
flay Contract with Its Members.- An incorporated company is. in a legal point of view, wholly distinct from the persons composing it and may make any contract with one of its members or stockholders that it might make with a stranger. Biggs v. Elliston Dev. Co., 93 Va. 494, 25 S. E. Rep. 113.
flay Secure Debts to Shareholder. — A corporation may contract debts to its individual corporators and is as much bound to pay or secure such debts as debts due to strangers, and the fact that a deed is given to secure such debts does not render it fraudulent unless some fraudulent intent is shown. Burr v. McDonald. 3 Gratt. 215: Hope v. Salt Co., 25 W. Va. 789.
Ultra Vires Contracts. When Corporation May Set up Defence of “Ultra Vires.” — When want of power is apparent upon comparing the act done with the terms of the charter, the party dealing with the corporation is presumed to have knowledge of the defect, and the defense of •ultra ■tires is available against him. But .such a defense would not be permitted to prevail against a party who cannot be presumed to have had any knowledge of the want of authority to make the contract. Hence, if the question of authority depends nor merely upon the law under which the corporation acts, but upon the existence of certain extrinsic facts resting peculiarly within the knowledge of the corporate officers, then the corporation would be estopped from denying that which, by assuming to make the contract, it had virtually affirmed. Boyce v. Montauk Gas Coal Co., 37 W. Va. 73, 16 S. E. Rep. 505.
Where there is nothing on the face of the paper indicating that a corporation has exceeded its corporate powers in the execution of a mortgage, it will not be allowed to plead “ultra vires'' in 'a suit to enforce it. The stockholders only can object, not the corporation itself. Boyce v. Montauk Gas Coal Co., 37 W. Va. 73. 16 S. E. Rep. 501.
Who May Contest Ultra VSrss Acts. - The corporation can contest an ultra vires act of its directory, also the attorney general may restrain a corporate excess which tends to the public injury.
But the president and directors, avS such, have no authority to sue in behalf of the corporation. Smith v. Cornelius, 41 W. Va. 59, 23 S. E. Rep. 599.
Rights of a Minority of Shareholders. — in order to give standing in a court of equity to a small minority of shareholders, contesting, as ultra vires, an act ox the directors, it must appear that they have exhausted all the means within their reach to obtain redress of their grievance within the corporation itself and that they were stockholders at the time of the transaction complained of or that the shares have devolved on them since, by operation of law. Boyce v. Montauk Gas Coal Co., 37 W. Va. 73, 16 S. E. Rep. 501.
Contracts Fairly within the Objects of Incorporation Not “Ultra Vires.” — A contract by a railway company to deliver a certain number of bales of cotton in a certain place at a specified time is not ultra vires a railroad corporation, being incident to and for the benefit of their business as common carriers, and not forbidden by their charter. The court, citing 1 Wood Ry. Law, pp. 179, 480, said: “There is no question but that, under the head of its implied powers, a corporation, especially a railroad corporation, may, in order to increase its business, enter into many contracts and undertakings which are not strictly within its express powers, if they are not expressly prohibited and are essential to promote the business of the corporations, or add materially to the convenience of its prosecution.” R. Co. v. Compress Co., 83 Va. 272, 2 S. E. Rep. 139.
Where the charter of a corporation authorizes a bond issue, an application of the proceeds to pay off the floating debts of the corporation is not ultra vires. Addison v. Lewis, 75 Va. 701.
Jurisdiction of Equity to Annul Such Contracts.— Equity has jurisdiction to declare null and void an order of the board of directors of a corporation that is ultra vires and obstructs its rights to property, though thatorder be void. Ravenswood, etc., R. Co. v. Woodyard, 46 W. Va. 558. 33 S. E. Rep. 285.
Corporation a Necessary Party. — in a suit to annul an act of a corporation as ultra vires, the corporation is a necessary party. Smith v. Cornelius, 41 W. Va. 59, 23 S. E. Rep. 599.
Power oí Corporations to Acquire Land. Charters Merely Directory.--“it seems to me. that the charters limiting the amount of land that a corporation may acquire are merely directory. They impose no penalty in terms. They do not declare the purchase by or conveyance to the banks to be void, nor vest the title in the commonwealth or any other than the banks in consequence of such purchase and conveyance. The legal title passed to the banks by the conveyance to them, and their conveyance would effectually transfer that title to any other. If, in making the purchase of the land in question, the banks violated their charters, the corporation might, for that cause, be dissolved by a proceeding at the suit of the commonwealth: and even in that case, it seems the better opinion that the property, if not previously conveyed away would revert, upon the dissolution of the corporation, to the grantor and not to the commonwealth. But any conveyance made by the corporation, before its dissolution would be effectual to pass its title. The banks therefore have a title which they can convey to the appellee and which would, in his hands, be indefeasible. It would seem extremely inconvenient ill a contractor wilh one of these banks could for the purpose of avoiding his contract, institute the inquiry whether the bank had violated its charter.” Green, in The Banks v. Poitiaux, 3 Rand. 136; Fayette Land Co. v. L. & N. R. Co., 93 Va. 274, 24 S. E. Rep. 1016: Litchfield v. Preston, 98 Va. 530, 37 S. E. Rep. 6, 6 Va. Law Reg. 397, and note; Wroten v. Armat, 31 Gratt. 228.
It seems that where the corporation is trying to enforce a sale by it of lauds already acquired contrary to its charter, specific performance will be enforced, but not where the corporation is trying to enforce a sale to itself in violation of its charter. Banks v. Poitiaux, 3 Rand. 136, and dictum in Fayette *304 Land Co. v. Louisville, etc., R. Co., 93 Va. 274, 24 S. E. Rep. 1016.
Such Charters Construed Liberally. — Under an act of assembly, authorizing a hank to hold as much real property as may be requisite for its immediate accommodation, in relation to the convenient transaction of its business, and no more, the bank may purchase more ground than is necessary for the erection of a banking house, build fire-proof houses on the vacant land, for the greater security of the banking house, and sell them to third persons. Banks v. Poitiaux, 3 Rand. 136. See also, Davis v. Lee Camp (Va.), 18 S. E. Rep. 839.
Statute of ilortmain Not in Force in Virginia. — The statute of mortmain has never been adopted into the law of Virginia, and there is no proceeding authorized by the common or statute law of Virginia under which lands acquired by a corporation in violation of its charter can be forfeited to the state. Fayette Land Co. v. Louisville & Nashville R. Co., 93 Va. 274, 24 S. E. Rep. 1016; Rivanna Nav. Co. v. Dawsons, 3 Gratt. 19.
Incapacity to Take Not Inferred from Inhibition to Hold. — An incapacity to take will not be inferred from an inhibition to hold, though the policy of the latter be to prevent the accumulation by the corporation of a specified description of property, if the purpose of the conveyance be a sale of the property by the corporation, and the application of the proceeds to the objects contemplated by the charter. Rivanna Nav. Co. v. Dawsons, 3 Gratt. 19; Banks v. Poitiaux, 3 Rand. 136.
Prohibition to Take Land as SecurityDoes Not Avoid the Security. — A prohibition on a bank to take a deed of trust or mortgage to secure loans will not render the security void, for such a provision is made for the benefit of the government and not of the borrower and the government alone can take advantage of it or not at its pleasure. Wroten v. Armat, 31 Gratt. 228.
Power to Alienate Its Franchise, Must Be Authorized by Its Charter, Private Corporations. — A private corporation, unless authorized by charter to do so, cannot lease or dispose of its franchise or its property needful in the performance of its obligations to the state, without legislative consent.' Dictum in Smith v. Cornelius, 41 W. Va. 59, 23 S. E. Rep. 599.
Such authority is now given by statute in Virginia, in case of a foreclosure and sale under a deed of trust or mortgage, or under a decree of court, of all the works and property of an internal improvement company. Code Va. 1887, §§ 1233-4, 1236, Acts 1891-2, p. 623; 1 Va. Law Reg. 546.
Quasi°PubIic Corporations. — in Roper v. McWhorter, 77 Va. 214, a ferry was held to be a quasi-public franchise, in the proper exercise of which the public was interested, hence could not be transferred without express legislative authority.
A quasi-public corporation has the power to mortgage its property for the furtherances of the objects of its creation, when authorized by the legislature. Enders v. Board of Public Works, 1 Gratt. 364.
Cannot Thus Exempt Itself from Liability. — A railroad corporation cannot, without distinct legislative authority, by lease or any other contract, turn over to another company its road and the use of its franchises, and thereby exempt itself from responsibility for the conduct and management of the road. Ricketts v. R. Co., 33 W. Va. 433, 10 S. E. Rep. 801, 25 Am. St. Rep. 901; Fisher v. R. Co., 39 W. Va. 366, 19 S. E. Rep. 578; Naglee v. R. Co., 83 Va. 707, 3 S. E. Rep. 369, 5 Am. St. Rep. 308.
Power to Subscribe to Stock in Another Corporation May Take Such Stock as. Security. — The taking of stocks and/bonds of another corporation merely as collateral security for advances made to such corporation does not come within the prohibition of the Code of W. Va., prohibiting one corporation from subscribing to or purchasing the stocks, bonds or other securities of another corporation except in payment of a bona fide debt County Court v. R. Co., 35 Fed. Rep. 161.
May Be Authorized by Law. — A law authorizing a bank to subscribe toülhe stock of a joint stock company is valid. Goddin v. Crump, 8 Leigh 120.
Hay Accept Devise or Bequest of Its Own Stock. — A corporation has the power to accept a devise or bequest of its own stock whether such is declared by its charter to be realty or personalty. Rivanna Nav. Co. v. Dawsons, 3 Gratt. 19.
Power to Accept Bequests. — Corporations have the legal capacity to take charitable bequests, when, and to the extent, authorized b3r their charters. Wilson v. Perry, 29 W. Va. 169, 1 S. E. Rep. 302; University v. Tucker, 31 W. Va. 621, 8 S. E. Rep. 410; Roy v. Rowzie, 25 Gratt. 599.
Parol Evidence Admissible to Show Identity of Cor« poration. — Roy v. Rowzie, 25 Gratt. 599; Wilson v. Perry, 29 W. Va. 169, 1 S. E. Rep 302.
Corporation May Act as Trustee. — The old rule that a corporation could not be a trustee has been long rejected and now the well-established doctrine is that corporations of every description may take and hold estates as trustees for purposes not foreign to the objects of their creation and existence and they may be compelled by the courts to carry the trusts iuto execution. Prot. Epis. Ed. Soc. v. Churchman’s Reps., 80 Va. 718.
Power to Form a Partnership with a Natural Person. —The authorities are conflicting as to whether a corporation can form a partnership with an individual; but it is believed that the weight of authority is against such power. A dictum in Wilson v. Carter Oil Co., 46 W. Va. 469, 33 S. E. Rep. 249.
Where a corporation and an individual have, assumed to enter into a partnership, and jointly transacted business together, they may recover, by reason of their j oint interest, upon obligations made to them in their partnership name, irrespective of their partnership rights and duties as between themselves, or the power of such corporation to execute the powers incident to a partnership. Wilson v. Carter Oil Co., 46 W. Va. 469, 33 S. E. Rep. 249.
Power to Borrow Money. — A private manufacturing company may borrow money to carry on its operations. Burr v. McDonald, 3 Gratt. 215; Pyles v. Riverside Furniture Co., 30 W. Va. 123, 2 S. E. Rep. 909.
Certification of Mortgage Bonds by Trustee. — Where certain first mortgage bonds have been deposited as security for general mortgage bonds, it is not necessary for them to be certified by the trustee, and if it were, it is such a power coupled with a trust that, a court of equity will compel its execution. Atwood v. R. Co., 85 Va. 966, 9 S. E. Rep. 748.
Power to Make an Assignment for the Benefit of Creditors. — A corporation has the power to make a deed of assignment to trustees for the benefit of creditors. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866; Planters' Bank v. Whittle, 78 Va. 737; Burr v. McDonald, 3 Gratt. 215; Lamb v. Cecil, 25 W. Va. 288.
A bank has the power to make an assignment of its assets for the benefit of its creditors independ *305 entl.v of the Act of Feb. 1860. Farmers’ Bank v. Willis. 7 W. Va. 31.
manner of Making Assignment - -A corporation may execute a deed of assignment by any agent duly atithoj ized and a, deed .prepared according to the directions of the corporation and approved by the company in general meeting is valid. Burr v. McDonald. 3 Gratt. 215.
Passes Unpaid Subscriptions - Construct ion. — A deed of assignment to trustees for the benefit of creditors. of all the property of a corporation, passes all unpaid subscriptions to the trustee, with the right to collect, the same, when a call has been duly made, by suit in his own name, as well under the statute, Code 1873, ch. Ill, sec. 17, as in the exercise ox the original powers of a court of equity. Such a deed is to be construed by the law of the domicil of the corporation. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866.
Effect of Sale under Deed of Trust, - In Wash. Alex. & Georg. R. Co. v. Alex. & Wash. R. Co., 10 Gratt. 624, Dorman, J.. was of opinion that ch. 61, §§ 28, 29. Code Va. 1860, providing that a sale under a deed of trust or mortgage of a corporation’s property, passed subsequently acquired property as well, that the corporation was ipso .facto dissolved and the purchaser became a corporation, did not apply to the sale by a trustee of a mere equity, conveying no legal title. See Code Va. 1887, §§ 1233, 1234, 1236; Acts 1891-3. p. 623.
Power to Create Preferences.
In Virginia. — A deed by a private manufacturing corporation incorporated in 1833, in trust to pay its debts, which gives preferences in favor of some of its stockholders who had been sureties for the corporation, was valid, the Act of Feb. 13, 1837. Sess. Acts, ch. 84, § 17, prohibiting such preferences by mining and manufacturing corporations not applying. Burr v. McDonald. 3 Gratt. 215.
Prior to the act of 1837 there was no law prohibiting preferences by any insolvent private corporation. Pyles v. Riverside Furn. Co., 30 W. Va. 123, 2 S. E. . Rep. 909. See also. Planters’ Bank v. Whittle, 78 Va. 737. For present statute, see Code Va. 1887, § 1149.
In West Virginia.- -The law in West Virginia was the same as in Virginia until 1863, when the provisions of the Act of 1837 were omitted from a general reenactment of the law governing corpora lions, so that trust deeds preferring creditors executed in 1883. 1883 and 1881 were valid, since there was nothing, at that time, in the policy of the West Virginia statutes. against snc.h preterences. Pyles v. Riverside Furn. Co., 30 W. Va. 123, 2 S. E. Rep. 909. Butin Hulings v. Hillings Lumber Co.. 38 W. Va. 351, 18 S. E. Rep. 621, the court said that the policy of the West Virginia statutes was changed adversely to such preferences by ch. 74, sec. 2, Code W. Va.
Now Enure Ratably to the Benefit of All Existing Creditors. — A deed of trust executed by a corporation, if not executed to secure a debt contracted, or money borrowed at the time of the creation of the lien, will enure ratably to all the creditors existing at the time of the creation of the lien. Code Va. 1873, ch. 57, | 63: Code Va. 1887, § 1149; Clinch River Veneer Co. v. Kurth. 90 Va. 737, 19 S. E. Rep. 878; Haskin Wood-Vulcanizing Co. v. Cleveland Ship Building Co.. 94 Va. 439, 26 S. E. Rep. 878, 3 Va. Law Reg. 108, and note. Hardy v. Mfg. Co., 80 Va. 404.
A Confession of Judgment Is a Voluntary Preference within the Statute. — A confession of judgment by a corporation chartered by a court, for an antecedent debt, is such an Illegal voluntary preference as comes within the purview of sec. 1149. Code Va. 1887; hence will enure ratably to the benefit of all credit, ors whose debts existed at the time. Rnai/r, j, saying oKiur that such a corporation might suffer a judgment, where it had no defense. Tatev. Building Ass’n, 97 Va. 74, 33 S. E. Rep. 383.
Statute Applies io the Creation of a Lien, Not to the Payment of Imiobtadness. -An assignment of bonds of a corporation at their face value in discharge of the company’s indebtedness and not as security for the indebtedness of the company is not the creation of a lien so as to come within the language of the statute providing that “Any lien or incumbrance created by any company on its works or property lor the purpose of giving a preference to one or more creditors of the company over any other creditor or creditors, except to secure a debt contracted or money borrowed at the time of the creation of the lien or encumbrance shall enure ratably to the-benefit of all the creditors of the company.” Code Va. 1873, ch. 57, § 63; Code Va. 1887, § 1149: Planters" Bank v. Whittle, 78 Va. 737.
Priority of Lien to Those Furnishing Supplies, etc. - Sections 2485, 2486, providing that employees and persons furnishing supplies to railroads, mining and manufacturing companies shall have liens superior to mortgages, deeds of trust, etc., executed since March 21, 1877, is not in conflict with the 14th amendment to the United States Constitution, as being special and class legislation, and pig iron furnished to a rolling mill is included among such “supplies.” The supply liens are given precedence over all mortgages, etc., executed since March 31,1887, not merely over those executed between that date and May 1, 1888. Va. Devel. Co. v. Grosser Iron Co., 90 Va. 126, 17 S. E. Rep. 806.
The Capital Stock a Trust Fund for the Benefit of Creditors. — The capital stock of a corporation is a trust fund for the benefit of creditors: for the same reason, the entire assets are also, and the directors are the trustees for the creditors of the corporation. Lamb v. Laughlin, 25 W. Va. 300; Lamb v. Pannell, 28 W. Va. 603; Sweeney v. Refining Co., 30 W. Va. 443, 4 S. E. Rep. 431; Newcomb v. Brooks, 16 W. Va. 63; Hardy v. Manufacturing Co., 80 Va. 404.
Especially, the Unpaid Subscriptions, — “Corporate property and assets, especially the unpaid subscriptions, constitute a trust fund, specially set apart for the payment of corporate debts, upon the faith of which those debts were contracted, and it will be pursued and subjected to the satisfaction of the corporate liabilities. When, as in this case, a joint stock company makes an assignment for the benefit, of its creditors, all the property and assets of the company, embraced in the deed, pass thereby to the trustees for the purposes of the trust, as pro videdbythe instrument; and the effect of'the assignment is to divest the company of the right to collect and apply such assets, and to vest that authority in the trustees. Though the company does not, and cannot, assign its right of franchise to make the calls necessary to enable the trustees to pay off the debts, and it remains its duty to make such call, yet if it neglects or stubbornly refuses to discharge that duty, and a court of equity is. called on to administer the trust, a,nd it appears that the trustees named in the deed have proved inefficient, or are not, for reasons satisfactory to the court, the proper persons to execute the trust, such court will remove them and appoint another or others in their place, and confer upon the trustee or trustees substituted, all the powers and authority necessary to the prompt and faithful execution of *306 the trust; which authority is not only conferred upon the court by our statute, but is necessarily incident to the exercise of its ordinary powers touching the administration of trusts. In short, the application of these principles exemplifies the fact that corporations, as well as natural persons, must pay their debts.” Lewis v. Glenn, 84 Va. 981, 6 S. E. Rep. 866.
G. EMINENT DOMAIN. — See monographic note on “Eminent Domain.”
May Be Delegated to Private Corporations. — The right of eminent domain appertains to every independent government, .and may be delegated to private corporations, to'be exercised by them in the execution ot works, in which the public is interested. B. & O. R. Co. v. P. W. & K. R. Co., 17 W. Va. 841; W. Va. Trans. Co. v. Vol. O. & C. Co., 5 W. Va. 382.
Must Condemn the Fee Simple. — Corporations except a turnpike company condemning land under Code Va. 1873, ch. 56, sec. 11, Code Va. 1887, § 1079, must take and pay for the fee simple and not merely an easement, and such provision is not unconstitutional. Roanoke v. Berkowitz, 80 Va. 616.
Corporation Must Pay Money into Court, Where the Title is Disputed. — A corporation can only acquire a clear title to land condemned for its purposes by paying the damages into court, so that parties in interest may be convened before the court. Robinson v. Crenshaw, 84 Va. 348, 5 S. E. Rep. 222.
Telegraph and Telephone Poles an Additional Servitude. — Placing of poles on a public highway constitutes an additional servitude, and the act Feb. 10, 1880, Code Va. 1887, §§ 1287-1290 authorizing telegraph and telephone companies to erect their poles along the public roads, etc., does not authorize them to do so without compensating the owners of the fee, since the public have only the easement of right of way and such taking without compensation would violate the constitutional prohibition against taking private property without compensation. W. U. Tel. Co. v. Williams, 86 Va. 696, 11 S. E. Rep. 106.
Property of a Corporation Equally Subject to the Right of Eminent Domain. — The property of a corporation is as much subject to the right of eminent domain as that of a natural person, whether consisting of the land itself or a mere right of way and if the charter of a railroad company authorizes it to cross the right of way of a canal company, it may do so .provided they do not obstruct the traffic of the canal, on payment of a just compensation, condemning -the land as the property of the canal company if they own it; but if they have only aright of way, condemning it as the property of the original owner subject to the right of way of the canal company. Tuckahoe Canal Co. v. Tuckahoe R. Co., 11 Leigh 43.
There is nothing so sacred in the title of a railroad company to property, that it cannot be taken under the exercise of the right of eminent domain. Property belonging to a railroad company and not in actual use necessary to the proper exercise of the franchise thei'eof may be taken for the purposes of another railroad under the general railroad law of the state. An express legislative enactment is generally required in order to take such property in use by a railroad company, except where the proposed appropriation would not d estroy or greatly injure the franchise of the company, or render it difficult to prosecute the object thereof. B. & O. R. R. Co. v. P. W. & Ky. R. R. Co., 17 W. Va. 812, 852.
H. LIABILITY OF CORPORATIONS.
Civilly.
Corporations Liable Civilly for the Torts of Their Agents, Committed within the Scope of Their Employment. — it was at first doubted whether a corporation was in any case liable in a civil suit for the torts of its agents, especially whether an action of trespass would lie against a corporation. But modern authorities all agree, that corporations are liable for torts committed by their agents in the discharge, of the business of their employment and within the proper range of such employment and that too whether the tortbe one, the responsibility forwhich is to be enforced by an action on the case or by trespass. State v. B. & O. R. Co., 15 W. Va. 362; Norfolk v. West. R. Co. v. Neely, 91 Va. 539, 22 S. E. Rep. 367.
Leaseor Hortgage Works No Exemption, — A corporation cannot exempt itself from liability by leasing its property and the use of its franchises to another, without the authority of the legislature. Ricketts v. Railroad, 33 W. Va. 433, 10 S. E. Rep. 801, 25 Am. St. Rep. 901.
Nor does a voluntary conveyance by deed of trust of its property and franchises, without the authority of the legislature, work such an exemption. Naglee v. Railroad Co.. 83 Va. 707, 3 S. E. Rep. 369.
Even When Torts Are Wilful and Malicious. — Although there has long been doubt on the question, and there is still conflict, the better opinion now is that a corporation is liable not only for the unintentional torts of its agents when done within the scope of their employment, but also for their wilful or malicious torts under the same circumstances. State v. B. & O. R. Co., 15 W. Va. 362.
Liability for Punitive Damages. — In West Virginia, a corporation is not liable to punitive damages even for the wanton and malicious acts of its agents, in the absence of evidence tending to show that his conduct was either authorized or approved by the corporation or that the agent was incompetent or of known bad character. Ricketts v. Ches., etc., R. Co., 33 W. Va. 433, 10 S. E. Rep. 801, 25 Am. St. Rep. 901. See also, dictum in Norfolk, etc., R. Co. v. Lipscomb, 90 Va. 137, 17 S. E. Rep. 809. This question has never arisen directly in Virginia, but in Norfolk & West. R. Co. v. Anderson, 90 Va. 1, 17 S. E. Rep. 757, the corporation was held liable for punitive damages, but on the ground that the corporation subsequently ratified the act of its agent.
Unintentional Tort of Agent. — But where the unlawful act of the agent is not wilful or malicious but the result of a mistake, punitive damages cannot be exacted from the corporation. Norfolk & West. R. Co. v. Lipscomb, 90 Va. 137, 17 S. E. 809.
When Not Liable for Non-Feasance. — A corporation chartered for. the improvement of a miver and authorized to charge toils thereon, if it has not charged tolls, is not liable for damages resulting from failure to improve the river. James River & Kanawha Co. v. Early, 13 Gratt. 541.
Criminally.
. in Virginia Cannot Be indicted by Its Corporate Name.
—A corporation such as the President, Directors and Company of Swift Run Gap Turnpike Co. cannot be impleaded criminaliter by its artificial name for committing a nuisance in obstructing a common public highway by digging it up and placing stone in it. Com. v. President, etc., of S. R. G. Turnpike Co., 2 Va. Cas. 362.
in West Virginia Corporation Liable Criminally for the Acts of Misfeasance as Well as Non-Feasance.— *307 Although formerly a matter of doubt, it may now be regarded as settled that a corporation mav be indicted for a failure to perform certain public duties which the law or its charter has imposed upon them. A distinction was formerly made between acts of non-feasance, or failure to perform such duties, and acts of misfeasance by the agents of a corporation, in the former the corporation was held liable, m the latter, some courts held it not to beso; but this distinction is no longer recognized by the weight of authority, quern. P., in State v. B. & O. R. CO., 15 W. Va. 362.
Where Evil Intention Constitutes an Element of the Offence. —1“in view of the fact that since these decisions have been rendered, the courts have shown a tendency to extend the liability of corporations in civil actions for the misfeasance of their agents, and as it seems now well settled that they may be held liable in suits for libel, and perhaps malicious prosecution^ and for assaults and batteries committed by their agents in the performance of their duties, and in view of the further fact that they may in such suits, it is said, he subjected to exemplary or punitive damages, I hesitate to accede to the statement that they cannot be held liable to an indictment for any offences which derive their criminality from evil intention. The very basis of an action of libel, or for a malicious prosecution, is the evil intent, the malice of the party against whom such a suit is brought; and I cannot now well see how it is possible to hold that a corporation may be sued for a libel, and punitive damages recovered, and at the same time hold that such corporation could not be indicted for such libel. The suits of libel and malicious prosecution are in their nature very like to criminal proceedings; and if they lie against a corporation, it would seem to follow, that there are cases for which indictments may lie against a corporation where the evil intention constitutes an element in the offence. And if a corporation is, as has been said, liable civilly for an assault and battery committed through its servants, it is perhaps going too far to say that a corporation esm in no case be liable criminally for any offence against the person under any circumstances." Green, P„ in State v. B. & O. R. Co., 15 W. Va. 362. ;
May Be Indicted fox* a Nuisance. — If a railroad company, under authority from a county court giving it license to build its road upon, along, or across public highways upon the express condition that it shall restore such highways to their former state, or to such istate. as not unnecessarily to have impaired their usefulness, takes possession of a part of a public highway and constructs its road upon it, but fails to restore the highway to such state a.s is ■required by law, it is guilty of maintaining a nuisance, and may be indicted under section 45, ch. 43, of the Code, notwithstanding it has such authority ivoin the county court. State v. Monongahela R. R. Co., 37 w. Va. 108, 16 S. E. Rep. 519.
Liable for Contempt. -A corporation is liable to a fine for a contempt, by motion. B. & O. R. Co. v. Wheeling, 13 Gratt. 40.
flay Be Indicted for “Sabbath Breaking." — A corporation may be indicted for “Sabbath breaking” under Code W. Va., oh. 149, §$ 16 and 17; State v. B. & O. R. Co.. 15 W. Va. 362.
Proof Necessary in Indictment. — “But while in a civil suit for a tort, even when done wilfully, perhaps no other proof may be necessary in any case than that the act was done by its agents, yet to hold such proof sufficient to sustain an indictment against a corporation for the misfeasance of its agents in every case would be to disregard the maxim, that the accused is always presumed to be innocent : and clear proof of gui'll on the part of the accused must be produced, before a conviction can properly be had. The act of misfeasance may, in a particular case, be of such a character, that though done by an authorized agent within the scope of his general employment and for the benefit of the corporation, yet it may give rise to but a suspicion that it has been directed or approved by the corporation. And if the act be of such character, independent proof must in such case be produced of the approval of the corporation, before it can be found guilty in a criminal proceeding. In such case it would clearly not be necessary to prove that the corporation by a distinct act,,such as a vote of its directors, either directed the act to be done or subsequently approved of its being done. Nor if this was required, it would amount to an absolute exemption of a corporation from all liability criminally for the wrongs of its agents : for criminal acts are never so formally directed or approved. Still in such a case the approval of the corporation must be satisfactorily proven, but such approval may be shown satisfactorily otherwise than by proving such direct act of approval. The criminal act being in such a case done by an authorized agent acting within the scope of his authority, the mere doing of the act, even though done wilfully, sufficiently shows, we incline to think, the assent and approval of the corporation, to make them liable in a civil suit; and it gives rise to a suspicion in a criminal proceeding against the corporation, which, if corroborated by evidence that similar acts havebeen done by the agents of the corporation repeatedly, would be sufficient proof of their approval to justify a conviction. It is but a reasonable inference that acts which are habitually done by the authorized agents of a corporation are done with their approval ; and this is indeed almost the only manner in which the approval by the corporation of the ; acts of its agents can ever be proven. The tacit appropriation by a corporation of the benefits of the acts of its agents, repeatedly occurring, is lull and satisfactory proof of the assent of the corporation to the doing of such acts.” Green, P., in State v. B. & O. R. Co., 15 W. Va. 362.
Liability of a Quasi-Public Corporation.--A corporation^ liable to be sued in assumpsit under the authority of its charter for work done and materials furnished even though the governor and other officers are members, as mere trustees for the state, having no personal interest in it. and the object of the corporation is to effect a public improvement at the public expense. The court distinguished this case from that of Sayre v. Turnpike Co., 10 Leigh 454, holding that case only authority for the proposition that a quasi-public corporation like the above is not liable fora remote and consequential injury. Dunnington v. Pres., etc., Turnpike Road. 6 Gratt. 160.
iV. STOCK AND STOCKHOLDERS.
See monographic note on “Stock and Stockholders” appended to Osborne v. Osborne. 24 Gratt. 392.
A. THE CONTRACT OP SUBSCRIPTION.
When Binding. — The contract of subscription becomes mutual and binding when the subscription is made and accepted, but no right of action accrues *308 until a valid call has been made. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866.
Character of Subscription a Question for the Jury.— Whether the contract of defendant was a contract to take stock in an existing corporation or merely an agreement to subscribe to a corporation to be subsequently formed, is a question for the jury. Exposition v. Ocheltree, 44 W. Va. 626, 30 S. E. Rep. 78.
Ratification of Subscription Contract. — A stockholder who votes in a corporate meeting and pays an assessment on his stock, is estopped to deny the existence of the corporation when sued on his subscription ; and though the capital stock be reduced after his subscription, by voting he acknowledges himself a shareholder and is presumed to consent to such change, being bound with notice of it as a shareholder. Greenbrier Ind. Exp. v. Squires, 40 W. Va. 307, 21 S. E. Rep. 1015.
Proof of Subscription.
Name on Book of Corporation. — Where the name of an individual appears upon the stock book of a corporation as a stockholder, the presumption is that he is the owner of the stock appearing in his name : and such book is proper evidence to go to the jury to show that he was asubscrlber to the capital stock of such corporation. South Branch Ry. Co. v. Long, 43 W, Va. 181, 27 S. E. Rep. 297. See also, Exposition v. Ocheltree, 44 W. Va. 626, 30 S. E. Rep. 78; Grays v. Turnpike Co., 4 Rand. 578.
A Certificate Not Necessary. — The certificate is merely evidence, but not the only evidence of ownership of stock. He is a stockholder, who has subscribed and paid for shares of stock In a corporation. Crumlish v. Shen. Val. R. Co., 40 W. Va. 627, 22 S. E. Rep. 90.
Must Be in Subscriber’s Handwriting. — The fact that defendants’ names appear on the books of the company, if not in their handwriting, Is no proof of a written contract to take stock and the statute of limitation to the suit on a verbal contract is a good defence, after the lapse of three years. Savings Bank v. Land Co., 96 Va. 352, 31 S. E. Rep. 511.
Failure to Make Required Cash Payment No Defence. —A subscriber to stock in a corporation cannot es-scape his liability to pay his subscription on the ground that he did not make the required cash payment at the time he subscribed. P. W. & K. R. Co. v. Applegate, 21 W. Va. 172.
Subscription Contract Not Avoided to Injury of Creditors by Fact That a Lottery Constituted the Inducement. — In a suit by the receiver of a court to collect an assessment on unpaid subscriptions to an insolvent corporation, for the benefit of creditors, who credited the corporation on the faith of such subscriptions, without knowledge of their vice, such subscriptions being lawful on their face, share holders will not be allowed to set up the defénce that the inducement to. said subscriptions was the distribution by lot of lots of unequal value. Cardwell v. Kelley, 95 Va. 570, 28 S. E. Rep. 953.
Subscriptions Need Not Necessarily Be in Cash. — Subscriptions to stock in a corporation need not, in the absence of statutory provisions requiring it, be paid in cash, but any property which the corporation is authorized to purchase, or which is necessary for the purpose of its legitimate business may be received In payment. Richardson v. Graham, 45 W. Va. 134, 30 S. E. Rep. 92.
Act Transferring Suits to Enforce Stock Subscriptions from Courts of Equity to Courts of Law, Constitutional. — The Act of Dec. 22, 1897, giving courts of law jurisdiction of all suits for the recovery of unpaid stock subscriptions, is not unconstitutional 'as taking away a vested right to a remedy in equity, and it cannot be claimed that equity still has jurisdiction of such suits on the ground th at the remedy at law is inadequate. Shickell v. Improvement Co. (Va.), 37 S. E. Rep. 813.
Evidence of Insolvency in Making Assessments. — A return of “no effects" on an execution against shareholders in a suit to 'collect an assessment, is prima facie evidence of their insolvency, and a further-assessment may be laid on. such as have paid the first, without .inquiring as to what real estate or other property Is owned by the delinquent stockholder, since thht would unduly delay creditors in obtaining their debts. Martin v. Salem Land Co., 97 Va. 349, 33 S. E. Rep. 600.
Sale of Stock Hay Be Delayed until Default in Payment of Ali the Installments. — Internal improvement companies, which have the right to sell the stock of shareholders for delinquencies in the payment of installments called for by them, are not obliged to sell at the first failure to pay an installment, but may wait until delinquencies have occurred on them all, and may sell the stock, and hold the stockholder liable for the amount of any loss that may result to the company, with interest on the installments from the time they severally fell due. Brockenbrough v. James River, etc., Co., 1 Pat. & H. 94.
Statutory Remedy Merely Cumulative. — The remedy given by statute to make sale and transfer of the shares of a defaulting stockholder is simply' cumulative and does not deprive the corporation of its-right of action or relieve the stockholder from his obligation of payment. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866; Grays v. Turnpike Co., 4 Rand. 578.
Distinction between Guaranteed and Preferred Stock. —Where a contract calls for the payment of eight per cent, preferred stock by a corporation at its par value, it is error to decree the payment of that amount of guaranteed stock in lieu thereof since the corporation was not required to guarantee the payment of the eight per cent. Dickinson v. Ches., etc., R. Co., 7 W. Va. 390.
Liability of Vendor of Stock. — Where buyer and seller of stock in a joint stock company have both regarded and treated the stock as paid up and non-assessable, the seller is liable to the buyer for future assessments lawfully made on the stock, although the contract of sale stipulates that he is to be relieved from all liability as endorser or otherwise, for the debts of the company. Such assessment is not a debt or liability for the company, but a debt or liability of the stockholder to the company. Stuart v. Peyton, 97 Va. 796, 34 S. E. Rep. 696.
Measure of Damages for Failure to Deliver Stock.— Where defendant sold plaintiffs certain shares of stock at a certain price,' but the company denied that defendant owned any shares, if the plaintiff sues without unreasonable delay, he is entitled to recover the highest price of the stock in market at any time after demand and refusal. Gray v. Kemp, 88 Va. 201, 16 S. E. Rep. 225.
B. LIABILITY OP STOCKHOLDERS.
No Liability on Stockholder at Common Law beyond His Subscription. — It is a well-settled rule of the common law. that in the absence of any constitutional provision or (statute law to the contrary there is no liability upon the stockholders of a corporation to pay its debts or liabilities beyond his subscription. Nimick v. Iron Works, 25 W. Va. 184.
*309 Nature of Commoti-Law Liability. — “The liability of the stockholder, to the extent of his liability under the charter, is not simply as such, but it is a personal liability as surety for the company. It is virtually and in effect a liability upon a contract, and the mutual agreement of the parties; not indeed, in form an express personal contract, but an agreement of equally binding obligation, consequent upon and resulting from the acts and admissions or implied assent of the parties.” lacy, 3.. in Hardy v. M'f'g Co., 80 Va. 404.
Payment by a Stockholder Extinguishes a Debt of the Corporation. — Where a stockholder satisfies a lien on property of the corporation and takes an assignment of the lien to himself, such lieu is extinguished and the stockholder cannot revive it by an assignment to a third party. Hardy v. Norfolk M’f’g Co., 80 Va. 404.
Statutes Imposing Further Liability to Be Strictly Construed. — All such constitutional or statutory provisions which impose a personal liability upon the .stockholders for the payment of the corporate debts are to be strictly construed. Nimick v. Iron Co., 25 W. Va. 184.
Enforced by Bill in Equity— Proper Parties.^ -Such liability must be enforced by a bill in equity to which the corporation, the stockholders and creditors are necessary parties, since the liability of the stockholders is not primary, but seconáanr, and conditional on the insufficiency of the corporate assets and cannot be determined without ascertaining who are the solvent stockholders, the amount of stock held by each, the amount of all debts due by the corporation to its several creditors, and the amount of the available corporate assets. Nimick v. Iron Co., 25 W. Va. 184. See Crumlish v. Railroad, 28 W. Va. 623.
Enforced in Courts of State Imposing It- -Changed by Statute in West Virginia. — Such liability must be enforced in the courts of the state imposing it and through the remedy provided by the laws of that state, Woods, J.. saying: “Dwelling in the place of its creation, all contracts made with the corporation must, by legal intendment, be made subject to the laws of its creation, and all persons contracting with it must be presumed to contract with reference to the remedies provided them by the state creating the corporation, and if these remedies are not as convenient and eificient as they might possibly have been made, they can have no rightful claim by law or comity to supplement such inefficient remedies by invoking the aid of the courts of a foreign state. They have contracted with reference to the advantages afforded them by the laws of the state under which the corporation was created, and no injustice is done them when they are obliged to be content with the remedies which the laws of the same state afford. for the protection of their property and. the enforcement of the rights thereby granted to them.” Nimick v. Iron Works, 25 W. Va. 184.
The doctrine of this case has been superseded by §§ 58, 59, ch. 53, Code W. Va. which gives the circuit courts jurisdiction of such suit. Swing v. Furniture Co., 45 W. Va. 283, 31 S. E. Rep. 925; Swing v. Vencer & Panel Co., 45 W. Va. 288, 31 S. E. Rep. 926.
C. RIGHT OF STOCKHOLDERS TO SHE OR DEFEND ON BEHALF OF CORPORATION.
When Corporation Is a Going Concern. — Stockholders cannot sue in behalf oí a corporation in a court of law: but in a court of equity the rule is different. There, though redress should be obtained if possible through its regularly appointed agents, if it is shown that the directors or managing officers have refused to act and redress has been vainly sought within the corporation, a bill by the stockholders themselves wil] be entertained. Crumlish v. R. Co., 28 W. Va. 623; Moore v. Schoppert, 22 W. Va. 290.
In order to entitle a stockholder to institute and maintain a suit in equity to redress a corporate injury committed infra viras, against a solvent corporation in the full exercise of its franchises, and carrying on its corporate business, it must appear not only that the directors are either disabled by their misconduct to sue, or that they have wrongfully refused to do so upon a proper demand ; but where the matter will admit of the necessary delay, and it is practicable to call upon the stockholders to act, this must also be done. Until it is shown that every reasonable effort to obtain redress through the regularly constituted agents and controlling power of the corporation has proved un* availing, a stockholder cannot sue in his own name alone, nor on behalf of himself and other stockholders. Nor do sections 57 and 58, ch. 53, Code W. Va. have any application to such a suit. Rathbone v. Parkersburg Gas Co., 31 W. Va. 798, 8 S. E. Rep. 570.
What Allegations Are Insufficient. —Where the bill does not allege that the corporation is either insolvent or has abandoned its corporate business, or that any of its officers have done any act ultra vires, but merely that the president and manager of the company’s business has abused his trust and that a majority of the directors and stockholders are under his influence and refuse to remove him, alleging that the said directors and stockholders are near kinsmen of said president: that some of them reside at a distance and permit him to select their proxies, that they refused to permit a committee a.ppointed to investigate the books of the company to employ an expert to assist them, that, at a meeting for the election of a board of directors, some of them withdrew and broke up the meeting and that they afterwards gave notice for a meeting to elect five directors, ignoring the fact that three directors had been elected at the former meeting ; such facts, taken singly or all together do not of themselves necessarily establish that the directors and stockholders have acted either fraudulently or in wilful disregard of their duties or that they have manifestly abused the discretionary power vested in them or that a majority of them have by their miscon duct disabled themselves to act or that they have been legally called upon to act and refused to do so, so as to entitle stockholders to file a bill in their own name. Rathbone v. Gas Co., 31 W. Va. 798, 8 S. E. Rep. 570.
Right of Stockholders to Defend a Suit against Corporation.- -A corporation must defend a suit brought against it, in its corporate name, and a stockholder will not be permitted to defend, and his answer will be stricken out. But if the officers and agents of the corporation refuse to defend the suit, in its name the court may in equity allow such defence to be made by the stockholders. Park v. Oil Co., 26 W. Va. 486.
A stockholder of a corporation cannot be regarded as answering for the corporation itself. In a special case, however, where there is an allegationthat, the directors fraudulently refused to attend to the interest of the corporation, a court of equity will, in its discretion, allow a stockholder to become a party defendant, for the purpose of protecting, from un founded and illegal claims against the company. *310 his own interest and the interest of such other stockholders as choose to join him in the defence. Kanawha Coal Co. v. Ballard & Welch Coal Co., 43 W. Va. 721, 29 S. E. Rep. 514.
When Corporation Has Ceased Business. — When, however, it is shown that the corporation has ceased to exist either in law or in fact or that it has abandoned its corporate business and neglected to maintain its corporate existence by the election of officers, nothing more can be required of the stockholder or creditor in order to entitle him to sue for the protection of his rights in such corporation, than that he should show the condition of such corporation and its management. Crumlish v. Railroad Co., 28 W. Va. 623; Finney v. Bennett, 27 Gratt. 365; Code W. Va. ch. 53, § 58.
When Corporation Not Even a Necessary Party. — And when such a suit is brought by the stockholders of a foreign corporation to compel a domestic corporation to account for certain assets of the said foreign corporation in its possession, the domestic courts have jurisdiction and the foreign corporation is not even a necessary party. The court distinguished this case from that of Nimick v. Iron Works, 25 W. Va. 184, where the object was to enforce a statutory liability imposed by the state of Ohio, on stockholders of an Ohio corporation resident in West Virginia. The court held that such liability being conditional on failure of assets could not be enforced by the West Virginia courts, since they had not jurisdiction over the Ohio corporation, to determine the amount of its assets. But in the principal case the liability ' of the domestic corporation is absolute and unconditional. Crumlish v. Railroad Co., 28 W. Va. 623.
Multifariousness of Bill. — A bill filed by a stockholder of a dissolved corporation in his own behalf and that of other stockholders against a domestic corporation, primarily to compel it to hand over assets of the dissolved corporation in its hands and, secondarily, to ask that the creditors of the dissolved corporation may be convened and the assets distributed among its creditors and shareholders, is not open to the objection of multifariousness. Crumlish v. Railroad Co., 28 W. Va. 623.
Barred by Laches. — While a minority of the stockholders of a corporation may maintain a bill in equity, in behalf of themselves and other stockholders, for fraud, conspiracy, or ultra vires acts, against a corporation, its officers, or others who participated therein, when the minority stockholders have been injured by said act, they must act promptly, and not wait an unreasonable time. If-they postpone their complaint for an unreasonable time, they forfeit their right to equitable relief. Boyce v. Montauk Gas Coal Co., 37 W. Va. 73, 16 S. 33. Rep. 501.
Where a stockholder has notice or the means at hand of becoming acquainted with the contracts made by the corporation in which he is, a stockholder, a court of equity will not allow him to remain quiet an unreasonable length of time, with a view of ascertaining whether the contract will result in profit to him; and then repudiate the contract if it has resulted in loss. Boyce v. Montauk Gas Coal Co., 37 W. Va. 73, 16 S. E. Rep. 501.
Acquiescence by Failure to Attend Meetings. — And if the minority of stockholders fail to attend meetings, they will be held to acquiesce in whatever is done by the majority, and are barred of relief in equity. Boyce v. Montauk Gas Coal Co., 37 W. Va. 73, 16 S. E. Rep. 501.
Parties to the Suit. — Where, in a suit in equity by a shareholder to protect his equitable interest in the affairs of a corporation, all the parties in interest, stockholders, directors and president are before the court, it is unnecessary to make the corporation a formal party. Kyle v. Wagner, 45 W. Va. 349, 32 S. E. Rep. 213.
D. DIVIDENDS. — Th e board of directors may from time to time declare dividends of so much of the net profits as they may deem it prudent to divide. If any stockholder be indebted to the corporation, his dividend, or so much thereof as may be necessary, may be applied to the payment of the debt; if the same be then due and payable. Code W; Va. 1891, ch. 53, § 39; Donnally v. Hearndon, 41 W. Va. 519, 23 S. E. Rep. 646.
Stock Dividends. — A stock dividend is not in the ordinary sense of the word, a dividend, the latter being the distribution of profits to stockholders as income from their investment. A stock dividend is merely an increase in the number of shares, the increased number representing exactly the same property that was represented by the smaller number of shares. Hence where two parties agree to exchange shares in two corporations, retaining the dividends declared for a certain month, and one corporation declares a stock dividend, such dividend goes with the stock and cannot be retained as a true dividend. Kaufman v. Woolen Mills, 93 Va. 673, 25 S. E. Rep. 1003, 2 Va. Law Reg. 669, and note.
E. CORPORATE MEETINGS. — Whereby the charter a general meeting of the company is to be held at least once annually, other meetings may be held as often as the interests of the corporation require it. Burr v. McDonald, 3 Gratt. 215.
AU flembers Must Have Reasonable Notice of Meetings. — No function existing in a number of persons, such as the stockholders of a corporation, can be rightfully exercised in the absence of any of the members composing such body, unless they have had reasonable notice and an opportunity to be present, otherwise all proceedings had at such ‘a meeting are invalid. Reilly v. Oglebay, 25 W. Va. 36.
V. OFFICERS AND AGENTS OF PRIVATE CORPORATIONS.
See monographic note on “Officers and Agents of Private Corporations” appended to Richmond Enquirer Co. v. Robinson, 24 Gratt. 548; also, note on “Agencies” appended to Silliman v. Fred., etc., R. Co., 27 Gratt. 119.
A. GENERALLY.
Contracts between Corporation and Its Officers Not Void but Voidable. — Contracts between a corporation and its officers are not void per se, but merely voidable at the option of the corporation or its receiver within a reasonable time. Such reasonable time as applied to executory contracts would be before they become executed. A partly executed contract can be avoided "before its final execution, but the executing party must be placed in statu quo, in the absence of fraud or mala ñdes. Griffith v. Lumber Co., 46 W. Va. 56, 33 S. E. Rep. 125.
Ratification of Agent’s Contract. — Whether a contract by an agent of a corporation be beyond his authority or not, the corporation may ratify, and such ratification, once made, is final. Newport News, etc., Devel. Co. v. Newport News St. Ry. Co., 97 Va. 19, 32 S. E. Rep. 789.
Negligence of Officer Imputed to Corporation. — The negligence of an officer of a corporation in allowing *311 a judgment to be rendered against the corporation as garnishee, when the debt had been i>reviously avSvSigned to another party and notice thereof had been given to another officer, will preclude the corporation from relief in equity against the j ndgment. Richmond Enquirer v. Robinson, 24 Gratt. 548.
riisconduci of Officers. — It may be stated as a general rule that there is no wrong or frand, which the directors or officers and agents of a corporation may commit that cannot be redressed by appropriate and adequate remedies. From the fiduciary relation which the director of a corporation holds to the corporation itself and to its shareholders and creditors, and from the fact that they are held to strict good faith in the management of the corporate concerns, it follows that they are liable either to the corporation, or.‘ in a proper case, to the shareholders or creditors, for a fraudulent breach of trust or misappropriation of corporate fnnds. whereby a loss or injury results to the corporate assets. Kathbone v. Gas Co., 31 W. Va. 798, 8 S. E. Rep. 570.
The Promoters.
Occupy a Fiduciary Relation. — The promoters of a corporation stand in a fiduciary relation to the corporation, and cannot make a profit out of their transactions in behalf of the corporation, unless with the full knowledge and consent of the corporation. Central Land Co. v. Obenchain, 92 Va. 130, 22 S. E. Rep. 876.
Promoters Entitled to a Fair and Open Profit.— Where a promoter of a corporation holds an option on land and in soliciting subscription^;, proposes in writing, which is shown to each subscriber, a certain price at which he will sell it to the corporation, and after the corporation was organized, it agreed to purchase on those terms, such promoter is entitled to any profit arising from such sale. Richardson v. Graham, 45 W, Va. 134, 30 S. E. Rep. 92.
B. PARTICULAR OFFICERS.
The Directors.
The Representatives of the Corporation.™ The directors of a corporation are, as to all purposes of dealing with others, the corporation itself and when convened as a board they are the primary possessors of all the powers possessed by the corporation. What they do as the representatives of the corporation, the corporation itself is deemed to do. Hulings v. Hulings Lumber Co., 38 W. Va. 351, 18 S. E. Rep. 620.
Until the appointment of a receiver and the awarding of the injunction the management of the affairs of the company remains in the hands of the directors. Planters’ Bank v. Whittle, 78 Va. 737.
Must Act as a Body. — The directors of a corporation cannot separately and individually give consent to, or make a contract to bind the corporation. They can act only as a board, their power being not joint and several, but joint. Limer v. Traders' Co., 44 W. Va. 175, 28 S. E. Rep. 730; Smith v. Cornelius, 41 W. Va. 59, 23 S. E. Rep. 599.
Power of Directors to Make an Assignment. — Directors have no authority to make an assignment of the entire assets of a corporation without the assent of the stockholders, such assignment amounting to dissolution, and the statutory mode of dissolution, ch. 53, sections 56 and 57. Code W. Va. being exclusive. Kyle v. Wagner. 45 W. Va. 349, 33 S. E. Rep. 213.
Power to Bind the Corporation. — Money borrowed by the directors and expended in the prosecution of the enterprise constitutes a valid debt; in spite of a resolution of the stockholders in regular meeting 1 that “No further assessment should be made except by authority of the shareholders.” Shickell v. Improvement Co. (Va.), 37 S. E. Rep. 813.
Power to Fix Capital Stock under maximum Amount. —Under section 23, ch. 53, Code W. Va. the increase of the capital stock of a corporation is entirely in the control of the board of directors and tlic only limitation upon their power in this respect is that the maximum capital be not exceeded. Exposition v. Ocheltree, 44 W. Va. 626, 30 S. E. Rep. 78.
When Contract between Directors and Corporation Upheld. — Though the directors or other agents of a corporation occupy a fiduciary relation, whether called trustees or not, still if the transaction amounts merely to a loan of money to the corporation on its own terms, and they obtain no unfair advantage, such transaction will be upheld, especially where the corporation ratifies the transaction by receiving the benefit of it. In any case, if the corporation or creditors claiming through it, wish to avoid such transaction they must restore the consideration received. Atwood v. Railroad Co., 85 Va. 966, 9 S. E. Rep. 748.
When Stockholders Occupy Position of Directors.— The general rule is that directors of a corporation cannot purchase the corporate property, but stockholders of a corporation, managed by a board of directors may; but where there is no such board, and the stockholders perform their duties, they occupy the same position as directors and are subject to the same incapacity to purchase the corporate property and any such purchase is voidable at the pleasure of any shareholder, though the price be fair and adequate. Reilly v. Oglebay, 25 W. Va. 36.
The President.
Power to Bind the Corporation. — The president of a railroad company has authority to make contracts for the necessary labor for the company, by virtue of his office, in all cases where the authority oí the president is not restricted by special legislation or by regulations of the company known to the other contracting party. Railroad Co. v. Snead. 19 Gratt. 354.
When Parol Evidence Admissible to Show 'Who Is Bound. — Where a due bill is signed by the president of a railroad, simply with his own name, parol evidence is admissible to ascertain whether it is an acknowledgment of his individual debt or that of the railroad company. Railroad Co. v. Snead. 19 Gratt. 354.
Mere Addition of “President” Not Sufficient. - The mere addition of the word “president” to the signature of the president of a corporation on negotiable paper does not bind the corporation. Scotty. Baker, 3 W. Va. 285; Rand v. Hale, 3 W. Va. 495.
Ratification by Corporation. — Whether the president of a land company is authorized or not to make a contract for the purchase of land, if the company ratify the contract by adopting the purchase and capitalizing it and offering it for sale, the company will be bound. W. Salem Land Co. v. Mont. Land Co., 89 Va. 192, 15 S. E. Rep. 524.
When President or Director a Trustee. — -A president or director of a corporation stands as a trustee for it as to its property committed to his hands for the purposes of the corporation. Ravenswood. etc., R. Co. v. Woodyard, 46 W. Va. 558, 33 S. E. Rep. 285.
The Treasurer.
Has Power to Draw Checks, but Not to Endorse Nego* fiable Paper. — The authority to draw checks may be said to be inherent in the office of treasurer unless *312 taken away or restrained, but the power to bind the company by endorsing negotiable notes is not, tbe law requires clear-proof of the authority of an agent to endorse negotiable paper. As to what is not sufficient, see Davis v. Investment Co., 89 Va. 290, 15 S. E. Rep. 547.
Admissions of Officers. — in an action for libel against a corporation, the admission of the general manager of the corporation made weeks after the publication of the supposed libel, constitutes no part of the res (¡estos and cannot be given in evidence against the corporation. Reusch v. Cold Storage Co., 1 Va. Law Reg. 286.
Compensation of Officers. — Although not necessary to the decision of the case, Brannon, J., said in Crumlish v. Cent. Imp. Co., 38 W. Va. 390,18 S. E. Rep. 456, “The law raises no implied promise to pay compensation to the directors, president or vice president of a private corporation in the absence of a provision in the by-laws or an order of the directors. And if the treasurer, secretary or other executive officer be a stockholder or director, no such promise is raised by law in his favor; but if not, tben the law does raise such a promise and presumes that compensation was intended from’the fact of such appointment.” Ravenswood, etc., R. Co. v. Woodyard, 46 W. Va. 558, 53 S. E. Rep. 285.
An Order of the board of directors of a corporation allowing compensation to the president, passed when he was present and perhaps voted is prima facie, fraudulent and void. Code W. Va., ch. 53, § 52 ; Ravenswood, etc., R. Co. v. Woodyard, 46 W. Va. 558, 33 S. E. Rep. 285; Sweeney v. Refining Co., 30 W. Va. 443, 4 S. E. Rep. 431.
The board of directors of a corporation cannot allow compensation to the president or any director for his services without previous authority granted by the stockholders. Code W. Va., ch. 53, § 53. And such an order of the board would be ultra vires and may be repudiated by the corporation. Ravenswood, etc., R. Co. v. Woodyard, 46 W. Va. 558, 33 S. E. Rep. 285.
Conflict of Laws. — Under the law of Pennsylvania, the president of a private corporation created by that state cannot recover from the corporation upon a Quantum meruit for official services there rendered, in the absence of any by-law or resolution of the directors allowing compensation. Nor can one who is treasurer and secretary of the corporation, and a stockholder and director, recover on a Quantum meruit for his official services without such by-law or resolution. The law of that state raises no promise on the part of the corporation in such cases, and the question whether, in such cases, there is an implied promise, depends on the law of that state. Crumfish v. Central Imp. Co., 38 W. Va. 390, 18 S. E. Rep. 456.
Subsequent Ratification of Allowance. — Though section 1119, Code Va., providing “There shall be no compensation for services rendered by the president or any director unless it be allowed by the stockholders,” is mandatory, subsequent ratification by the stockholders of payments of salary to the president of a corporation by authority of the board of directors, is equivalent to previous authorization, but one or the other is indispensable. Buchanan, J., dissenting. Shickell v. Imp. Co. (Va.), 37 S. E. Rep. 813.
VI. CONSOLIDATION AND SUCCESSION.
A. CONSOLIDATION OP CORPORATIONS — “A consolidation not only renders the property and works of the old company, which pass to the company with which it is consolidated, subject to the liabilities of the old company, but also makes the new, or surviving company responsible for them. Where two railroad companies unite, or become consolidated under the authority of law, the presumption is, until the contrary appears, that the united or consolidated company has all the powers and privileges, and is subject to all tbe restrictions and liabilities, of those out of which it is created. The corporation which is created by such consolidation, or the surviving corporation, where another or others are merged into it or consolidated with it, is ordinarily deemed the same as each of the corporations which formed it for the purpose of answering for the liabilities of the old corporation, and may be sued under its new name, or under tbe name of the surviving company, for their debts as if no change had been made in the name, or in the organization of the original corporations. There has been some question whether the consolidated company could be sued in an action at law for the liabilities of the companies composing it, or whether the proceeding must be in equity. But the better view seems to be tbat when a consolidation has been authorized and made, it confers all tbe rights, property, and franchises of the old company upon the new or consolidated company, and subjects it to all the liabilities1 of the old companies; and an action at law may be brought against the new or consolidated company for the debts or torts of the old companies. The question is not whether the consolidation compels a creditor to accept the defendant corporation as a new debtor against bis will, or a person who has been injured to resort to a stranger for satisfaction, but whether it empowers the creditor or the person injured to resort, if he desires to do so, in the first instance, to the corporation which by the terms of the consolidation is made liable to him. The privity, some cases say, necessary to support this action, is created by the statute authorizing the consolidation and the purchase and conveyance made under it. Other authorities place the right to bring such action on the ground that the effect of the consolidation is, as to the liabilities of tbe old company, not to dissolve the corporation which is the immediate debtor, but to continue its existence in the consolidated corporation.” Buchanan, J., in Langhorne v. Richmond R. Co., 91 Va. 369, 22 S. E. Rep. 159.
Either Liable but Not Both Jointly. — Where one corporation has been consolidated with another, a party injured by the original company has his option to sue either the original company which committed the injury or the new company with which such company has been consolidated, but he cannot sue both iu the same action at law. Langhorne v. Richmond R. Co., 91 Va. 369, 22 S. E. Rep. 159.
Necessary Allegations. — The plaintiff in such case must allege generally the authority of the old companies to consolidate, the act of consolidation and under what name.
He must also state a good cause of action against the original corporation and the new one with which it has been consolidated. Langhorne v. R. Co., 91 Va. 369, 22 S. E. Rep. 159.
B. SUCCESSION OF CORPORATIONS.
Liability of Successor Corporation for Contracts of Former Corporation. — Where a railroad company buys the property of another insolvent railroad, it succeeds to its property, rights and easements and becomes responsible for its liabilities under *313 any agreement entered into by the former company for the acquisition of land, especially where it lias estopped itself by vouching such agreement to defeat an action of ejectment. Steenrod v. Railroad, 27 W. Va. 1.
Change of Name - Liability to Suit. — Where one corporation is a mere continuation of a former corporation with additional franchises, under a new name, it is liable tobe sued on contracts made with the old corporation, and whether such is the case is a mixed question of law and fact to be submitted to the jury. Wilson v. C. & O. R. Co., 21 Gratt. 654.
Anderson. J., said obU.tr in the above case that when a corporation changes its name after the mating of a contract it must be sned by its new name.
When Former Corporation Not a Necessary Party.— And in such a case where the former corporation is wholly insolvent and has “passed out of existence,’' ■it need not be made a party to a suit for specific performance of such an agreement against the successor corporation. Steenrod v. Railroad, 27 W. Va. 1.
Liable to the Extent of Property Received. — Where by authority of the legislature a corporation has accepted a transfer of the entire stock of another corporation and has taken possession and held the | property of the old corporation after the expiration of the time limit of its charter, itplaces itself in the position of a successor to the latter corporation, liable. to the extent of the property received, to the debts, and entitled to all the rights of the latter. Barksdale v. Finney. 14 Gratt. 338.
And Only to That Extent. — When a new corporation, with different stockholders, is formed it cannot be sued by the creditors or held liable for the debts of the old corporation, except upon some •special ground, such as haying received assets of the old corporation without giving value therefor. Donnally v. Hearndon, 41 W. Va. 519, 23 S. E. Rep. 646.
Liability Mast Be Enforced in Equity. — Where one corporation by legislative authority takes charge of the property and franchise of another, the first corporation cannot be garnisheed by a creditor of the second corporation ; his remedy is in equity. Swann v. Summers, 10 W. Va. 115.
Assumption of Obligation Must Be Alleged, When Liability Is Based on Contract. — In a suit brought against a corporation which has assumed the obligations of a defunct corporation, failure to allege that the new corporation has assumed said obligations when the proof shows the obligation sued on to be that of the defunct corporation, is a variance, and plaintiffs evidence will be struck out. Knights of Pythias v. Weller, 93 Va. 605, 25 S. E. Rep. 891.
Effect of Acquisition of Entire Capital Stock.
Does Not Give Lega! Title to the Property of Corporation. — A conveyance of all the capital stock of a corporation to a purchaser gives to such purchaser only an equitable interest in the property to carry on business under the act of incorporation and in the corporate name, and the corporation is still the legal owner of the same. Park v. Petroleum Co., 25 W. Va. 108.
Corporation Succeeding a Partnership.- Where a debt is due a partnership and the partners are alterwards incorporated, the debt becomes a debt of the corporation and they may sue for it in the corporate name in a court of equity. Griffin v. Macaulay, 7 Gratt. 476.
VII. DISSOLUTION OF CORPORATIONS.
A. CAUSES.
Forfeiture of Charter.
i Franchise Continúes Till Forfeiture Claimed by State. —The charter of a corporation does not expire by reason of acts of omission or commission on the part of the corporation, even where they constitute a sufficient ground for declaring a forfeiture; but the franchise continues in full force until a forfeiture is claimed by the state granting it, and this can be done only in a proper legal proceeding by which the canse of forfeiture is ascertained and dissolution adjudged. Moore v. Schoppert, 22 W. Va. 283.
Quo Warranto the Proper Remedy. — An information in the nature of a quo warranto is the proper rented y by which to try and decide whether the charter of a corporation ought to be nullified and vacated, or to prevent the company from receiving tolls. The fact that the commonwealth is a stockholder is no bar to such a proceeding. The superior court of law for the county in which the president and directors reside has jurisdiction in such a proceeding, no matter where the acts of forfeiture complained of were committed. Com. v. Pres. & Directors of James River Co., 2 Va. Gas. 190.
Causes of Forfeiture Cannot Be Taken Advantage of Collaterally. — Although a corporation by failure to perform its duties has made itself liable to forfeiture, of its franchises, such grounds of forfeiture cannot be taken advantage of by injunction or otherwise in a court of equity to resist the payment of tolls, etc., or for any other purpose, except where a public nuisance results and in the case of charitable trusts; the only remedy is in a court of law by the writ of quo warranto instituted by the state, the court saying, “The act of incorporation is not a contract between the corporate body on the one hand and individuals whose rights and interests may be affected by the exercise of its powers, on the other, but it is a con-pact between the corporation and the government from which they derive their powers. Individuals cannot therefore take it upon themselves, in the assertion of their private rights, to insist on breaches of the contract of the corporation, as a ground for resisting or denying the exercise of a corporate power.” Pixley v. Roanoke Nav. Co., 75 Va. 320.
A cause of forfeiture cannot be taken advantage of, or enforced against a private corporation, collaterally or incidentally, or in any other mode than by a direct proceeding for that purpose, against the corporation, so that it may have an opportunity to answer; and the state can alone institute such a proceeding, since it may waive a broken condition of a compact with it as well as an individual. Greenbrier Lumber Co. v. Ward, 30 W. Va. 43, 3 S. E. Rep. 227; Childs v. Hurd, 32 W. Va. 66, 9 S. E. Rep. 362; B. & O. R. Co. v. Supervisors, 3 W. Va. 319.
Non-Payment of License Tax. - -And this is as true of the non-payment of a license tax to the state, as it is of any other cause of forfeiture, the law, in this respect, not having been altered by Code W. Va. 1881, ch. 32, § 88. Greenbrier Lumber Co. v. Ward, 30 W. Va. 43, 3 S. E. Rep. 227.
Failure to Appoint Officers, etc. — Forfeiture of the charter for failure to appoint officers or other acts of non-nser. cannot be enquired into collaterally, unless there is evidence that the charter has been ascertained to be forfeited by the sentence of the proper court in a proper proceeding for the purpose. Crump v. U. S. Mining Co., 7 Gratt. 352; B. & O. R. Co. v. Supervisors, 3 W. Va. 319,
*314 Express Provisions for Forfeiture in Charter, No In= quisition Necessary. — Where the charter of a railroad authorizes the company to issue bonds and secure them by a mortgage, but also provides that if the road is not completed to a certain point by a certain day, it shall forfeit to the state its corporate franchises and rights together with the roadbed and all other property, the two clauses are to be taken together and on the failure to complete the road in the specified time its property is forfeited to the state free from the incumbrance of the mortgage, it appearing that the holders of the bonds were the officers of the road and that none of the proceeds had been expended on the road, and consequently they were neither purchasers for value or without notice. Such forfeiture, the state having elected to enter for the forfeiture, is absolute and no inquisition or judicial proceedings of any kind are required to consummate it. Silliman v. R. Co., 27 Gratt 119.
Expiration of Charter .Period of Existence Ipso Facto Dissolves the Corporation. — if the charter or governing statute of the corporation, fixes a definite period of time at which its corporate life shall expire, when that period is reached, the corporation is ipso facto dissolved without any direct action to that end either on the part of the state or of its members; and it has no further power to adopt by-laws. Knights of Pythias v. Weller, 93 Va. 605, 25 S. E. Rep. 891.
A Mere Discontinuance of Business Does Not Effect a Dissolution. — A mere cessation or discontinuance by a corporation, of its corporate business, will not operate as a dissolution. Law v. Rich (W. Va.), 35 S. E. Rep. 858.
Insolvency Does Not, Per Se, Work Dissolution.— Insolvency, peí' se, does not work a dissolution of a corporation, nor invalidate an assignment of its effects for the benefit of creditors. Shen. Valley R. Co. v. Griffith, 76 Va. 913; Weigand v. Supply Co., 44 W. Va. 133, 28 S. E. Rep. 803.
Resolution by Majority of Stockholders Works a Dissolution. — A resolution by the stockholders of a joint stock company to discontinue its business under § 56, ch. 58, Code W. Va. 1891, operates as a voluntary surrender of the corporate franchise and a dissolution of the corporation. Law v. Rich (W. Va.), 35 S. E. Rep. 858.
Statutory Methods in West Virginia. — Not less than one-third in interest of the stockholders of a corporation have a right under § 57, ch. 53, Code W. Va. 1891, to file their bill in equity, and on showing sufficient cause the court will dissolve the corporation. Weigand v. Supply Co., 44 W. Va. 133, 28 S. E. Rep. 803.
In such a suit the corporation is a necessary party. Hurst v. Coe, 30 W. Va. 158, 3 S. E. Rep. 564.
/lore Than One-Third of the Stockholders Hay Join in the Bill but in Any Case Sufficient Cause Must Be Shown. — But in such suit the court cannot make a decree of dissolution unless cause be shown, even though a majority in interest are plaintiffs and they had an absolute right to dissolve the corporation by their majority vote ata general meeting of the corporation. Co'deW. Va.,ch.53,§56. Butthe'merefact that a majority in interest are plaintiffs and had another remedy does not deprive the circuit court of its jurisdiction, on sufficient cause being shown, from decreeing a dissolution. Hurst v. Coe, 30 W. Va. 158, 3 S. E. Rep. 561.
B. EFFECT OF DISSOLUTION ON PROPERTY AND SUITS OF THE CORPORATION.
All Suits Abate. — At common law, upon the death or dissolution of a corporation, its real estate reverted to the grantors and donors and the personal property escheated to the king, while the debts due to and from it were thereby extinguished and all actions pending for or against it at the time, abated. Board v. Livesay, 6 W. Va. 44; Miller v. Coal Co., 31 W. Va. 836, 8 S. E. Rep. 600, Rider v. Nelson & Albemarle Union Factory, 7 Leigh 354; May v. State Bank of N. C., 2 Rob. 56.
Exception Where Corporation Had Assigned Its Rights before Dissolution. — Where the charter of a corporation expired pending an appeal but the corporation had made an assignment of its rights in the subject in controversy, the court, if satisfied of the fact of the assignment, may permit the case to proceed without notice of the dissolution of the corporation. Bank of Alexandria v. Patton, 1 Rob. 499; May v. State Bank of N. C., 2 Rob. 56.
A Judgment Raises a Conclusive Presumption of a Continued Existence of Corporation at Time of Judg= ment. — But if an original judgment be rendered in favor of a corporation, as it could not be regularly rendered unless the existence of the corporation continued, the necessary intendment is that the continued existence of the corporation was either proved or admitted and if execution be sued out the defendant is estopped to deny the existence of the corporation at the time of the judgment, and proof of the extinction of the corporation before the judgment is inadmissible. No such estoppel exists, when, by an assignment before extinction, proof of the expiration of the charter is excluded, and no such intendment arises. May v. State Bank of N. C., 2 Rob. 56.
In Case of Dissolution after Judgment and before Ex= ecution No Execution Can Issue. — And if, after judgment in favor of a corporation, the corporation becomes extinct by the expiration of the term of its existence, no execution can be sued out or if sued out is liable to be quashed. Dictum in May v. State Bank of N. C., 2 Rob. 56.
nodern Rule as to Dissolution, May Still Sue and Be Sued in Respect of Its Corporate Assets. — But this rule, so far as-modern business and commercial corporations are concerned, has become practically obsolete. Its unjust operation upon the rights of creditors and stockholders has been generally prevented by statute and in equity the assets of such a corporation, which represent not the donation of the prince or its pious founder, but the contributions of its stockholders, are held, independently of statute, to constitute a trust fund, into whosesoever hands they may come, for the benefit of creditors and stockholders. Very soon after Rider v. Factory, 7 Leigh 154, was decided, and according to a suggestion of the court in that case the act of 1836-7 was passed by the general assembly of Virginia, Code Va. 1887, § 1163, which act was incorporated into the Code W. Va. ch. 53, § 59, providing in substance that wh en a corporation shall expire or be dissolved, its assets shall, under the direction of the board of directors then in'office or such receiver as maybe-appointed, be subject to the payment of the liabilities, and the surplus, if any, be distributed among the stockholders. And suits may be brought or defended and all other lawful acts done in the corporate name in like manner as before dissolution. Miller v. Coal Co., 31 W. Va. 836, 8 S. E. Rep. 600; Greenbrier Lumber Co. v. Ward, 30 W. Va. 43, 3 S. E. Rep. 227; Donnally v. Hearndon. 41 W. Va. 519, 23 S. E. Rep. 646, and such suits do not have to be *315 carried on under the direction of such director or receiver. Hall v. Bank of Va., 14 W. Va. 584.
Assets, after Dissolution, a Trust Fund for Creditors. —After a corporation has ceased to exist or has abandoned its business, its assets become a trust i und for the paym enl of creditors and stockholders, creditors first and the residue if any, to the stockholders, who are simply deferred creditors. Crumlish v. R. Co., 28 W. Va. 623.
Functions of Directors Suspended. — When the stockholders have taken the necessary steps to effect the dissolution of the company, and are trying to liquidate its indebtedness with the least loss to themselves, the functions of the directors are, in effect, suspended; they cannot purchase for the company the stock of one of its shareholders, with the company’s property, thereby diminishing its assets, both the directors and the said shareholders being aware of the facts. The directors can make no disposition of the corporate property which will not enure to the equal benefit of all the shareholders. Augsburg Land, etc., Co. v. Pepper, 95 Va. 92, 27 S. E. Rep. 807.
Effect of Dissolution on Contracts of Corporation.
Executory Contracts Ayoided. — Where an insolvent corporation is forced into liquidation and dissolution, all its executory contracts perish with it, for this is an implied condition of their execution. Such, however, is not the law where a solvent corporation is voluntarily dissolved. By its own act it cannot relieve itself from its contracts, but its assets will be held liable for breaches thereof. Griffith v. Lumber Co., 46 W. Va. 56, 33 S. E. Rep. 125.
O. SUITS TO WIND UP THE AFFAIRS OF A CORPORATION.
Jurisdiction of Equity. — Equity has no inherent jurisdiction to dissolve a corporation; its powers in that respect are wholly derived from statute. Law v. Rich (W. Va.), 35 S. E. Rep. 858.
Equity Has Exclusive Jurisdiction.
A Creditor Cannot Obtain a Preference by Levying ail Attachment. — There can be no suit against a defunct domestic corporation, except one in equity as provided in sections 57 and 59,*ch. 53, Code W. Va. to wind up its affairs for the benefit of creditors and stockholders. No creditor can, by levying an attachment. obtain priority over other creditors. Stiles v. Oil & Coal Co. (W. Va.), 35 S. E. Rep. 986.
Proper Parties.
Rule in Virginia.
Stockholders Not Proper Parties. — Under Code Va. 1887, § 1103, the corporation, though dissolved or expired, is the proper party defendant in a creditor’s suit against the corporation, and the stockholders are notproper parties. The fact that there has been an assignment of the corporate assets to trustees only alters the case so far as to make the trustees necessary parties. Hamilton v. Glenn, 85 Va. 901, 9 S. E. Rep. 129.
The stockholders individually are neither necessary nor proper parlies to suit to wind up th e affairs of a corporation, but they are bound by the decree, and where they never appealed from the decree they cannot question its validity in a collateral proceeding. Lewis v. Glenn. 84 Va. 947, 6 S. E. Rep. 866.
Where no relief is sought against the shareholders, they are sufficiently represented by the corporation. Bristol Iron & Steel Co. v. Thomas. 93 Va. 396. 25 S. E. Rep. 110. But where relief is sought against the shareholders themselves, they should be made parties. Martin v. B. Salem Land Co., 94 Va. 28. 26 S. E. Rep. 591; Cason v. Seldner, 77 Va. 293.
Rule in West Virginia.
Stockholders Necessary and Proper Parties. —In a suit in equity under section 59, ch. 53, Code W. Va., by a creditor to assert a debt against a defunct domestic corporation and to wind up its affairs, the stockholders are necessary parties and the decree must both ascertain the debts against the corporation and the shares of the stockholders in the surplus. Stiles v. Oil & Coal Co. (W. Va.). 35 S. E. Rep. 986. See also, Styles v. Laurel Fork Oil. etc.. Co., 45 W. Va. 374, 82 S. E. Rep. 227.
A Return of “No Effects” on an Execution Justifies a Resort to Equity. — Where a creditor of a corporation has obtained judgment against it, upon which execution has been issued and returned no property found, he has the right to sue in equity for the benefit of himself and all other creditors who will join in the suit to subject the assets of the corporation, including the unpaid subscriptions of its stockholders, as far as may be necessary, to the payment of its debts. It is in the nature of a creditor’s bill, and by it the equitable assets of the corporation can be reached. Martin v. South Salem Land Co., 2 Va. Law Reg. 743, 94 Va. 28, 26 S. E. Rep. 591.
Simple Contract Creditor fias a Right to Bring 5iscls Suit.= -A simple contract creditor, who has not reduced his claim to judgment, and has no lien, can yet sue a corporation in equity and have its assets administered and applied to the payment of its debts. Nunnally v. Strauss, 94 Va. 255, 26 S. E. Rep. 880, Buchanan, J., and Keith, P., dissenting: Finney v. Bennett. 27 Gratt. 365.
Res Judicata in Such Suits. — in a suit involving, among other things, a debt between two corporations, a decree is rendered for a certain sum in favor of the one against the other, ascertaining the amount of the liability on the basis of the amount of paid-up stock of the creditor company. That decree in res judicata and. estoppel between the companies as to the amount of recovery, and also as between the creditor company and its stockholders, and also between such stockholders as regards the amount of the recovery, but not as to the amount of paid-up stock in settling the rights of stockholders in the distribution of the fund arising from the debt so recovered. Crumlish v. Shenandoah Val. R. Co., 40 W. Va. 627, 22 S. E. Rep. 91.
Statutes, When Constitutional — A statute, whose whole object is to provide a convenient and judicious mode for winding up an insolvent corporation and distributing its assets equitably amongst those entitled thereto, violates no contract and impairs no right of the corporators and should be upheld in Virginia as it certainly would be by the state enacting it. Bockover v. Life Ass’n, 77 Va. 85.
Creditors’ Bills. — The road and franchises of a railroad company are liable, on a creditor’s bill, to the payment of judgments recovered against the company, and where the amount of the judgment is small and the rental value of the road large, the road and franchises should be leased for as short a period as is practicable, but the creditors have a right to have them leased, even though the proceeds be far in excess of the judgment, if the lease cannot be made for a shorter period. It is proper to make smother railroad in possession of the road in suit, a party to the suit, to ascertain its interest in said road and on failure of that company to respond or show what its interest is, a decree for leasing the road is proper. Winchester, etc., R. Co. v. Colfelt, 27 Gratt 777.
*316 Powers of Creditors and Majority of Stockholders over Assets of Insolvent Corporation. — Where a corporation has hut one asset, namely, a decree for a certain sum against a railroad company, and a decree for the sale of its road, etc., to satisfy the same, after first satisfying prior liens and charges to a large amount, the creditors and the owners of a greater part of the stock may, if they see fit, give to outside parties, out of the amount decreed to them, a bonus, for a guaranty that at the commissioner’s sale, the railroad, etc., shall he made to bring at least enough to pay their claim, as well as the prior liens and charges. And, if such bonus is made to appear to have been that, without which neither creditors nor stockholders would have received anything, then the'court will charge the fund thus brought into the cause with the payment of such bonus, and, after the payment of the creditors, distribute the surplus, if any, among the stockholders according to thfeir respective interests. Crumlish v. Shen. Val. R. Co., 40 W. Va. 627, 22 S. E. Rep. 91.
Rights of Creditors. — The makers of notes, delivered to a corporation on conditions which have not been complied with, cannot be held liable to creditors of the corporation whose debts were not contracted on the'faith of such notes, and who aid not know of their existence until after their debts were contracted. Catt v. Olivier, 6 Va. Law Reg. 465.
D. RECEIVERS.
When Appointed. — Where a corporation 'is insolvent and Is largely indebted, which indebtedness is secured by a lien, which its creditors have a right to resort to; if it appears that the property of the corporation is being dissipated, it is proper for a court on the application of such creditors to appoint a receiver to take charge of the property of the corporation. The court, quoting the Am. & Eng. Enc. Law, said, “In order to obtain the appointment of a receiver, the plaintiff must show — First, either that he has a clear right to the property itself, or that he has some lien upon it, or that the property constitutes a special fund to which he has ' a riebt to resort for the satisfaction of the claim; and secondly, that the possession of the property by the defendant was obtained by fraud, or that the property itself or the income arising from it is in danger of loss, from the neglect, waste, misconduct, or insolvency of the defendant.” Kanawha Coal Co. v. Ballard, etc., Coal Co., 43 W. Va. 721, 29 S. E. Rep. 514; Donnally v. Hearndon, 41 W. Va. 519, 23 S. E. Rep. 646.
Duty of Receiver as to Executory Contracts of Corporation. A receiver is not bound to carry out* an executory contract of a corporation, but he may disregard it. The power to adopt or reject it is restricted to the receiver; it is not reciprocal. But if he adopts it under order of court and afterwards abandons it under a further order, the other party is entitled to compensation for what he has actually done in fulfillment of the contract, subj ect to deduction for what he, on his part, has received. Griffith v. Lumber Co., 46 W. Va. 56, 33 S. E. Rep. 125.
VII. PLEADING AND PRACTICE.
A. SUITS MUST BE BROUGHT AND DEFENDED IN CORPORATE NAME. — A corporation must sue and he sued in its corporate name. Krell Piano Co. v. Kent, 39 W. Va. 294, 19 S. E. Rep. 409; Culpeper Agri., etc., Soc. v. Digges, 6 Rand. 164; Porter v. Nekervis, 4 Rand. 359; Stewart v. Thornton, 75 Va. 215; Hart v. Balt., etc., R. Co., 6 W. Va. 336; Hechmer v. Gilligan, 28 W. Va. 752; Mason v. Bank, 12 Leigh 84; Legrand v. Hampton-Sidney College, 5 Munf. 324. And the same rule prevails in courts of equity. Stewart v. Thornton, 75 Va. 215.
Misnomer of Corporation. — Though misnomer of a corporation is only matter of abatement, where it is plaintiff, yet where it is defendant, it is matter in bar. Bank of Va. v. Craig, 6 Leigh 399.
But where suit is brought against a branch bank instead of the mother hank, which, alone, is incorporated, this is not a mere misnomer, which must he pleaded in abatement; but is a bar to any recovery and though a verdict he founded upon the general issue pleaded, the error is not cured by the statute of jeofails. Mason v. Farmers’ Bank, 12 Leigh 84.
Modern Rule.
Identification of Corporation Sufficient. — The name of a corporation is not the only means of identity. If some words be added, omitted, or changed In the spelling, in the true name of the corporation, this is not a fatal variance, if there he enough to distinguish it from other corporations, and to show that the corporation suing or being sued was the one intended. First Nat. Bank v. Huntington Distilling Co., 41 W. Va. 530, 23 S. E. Rep. 792.
Leave to Amend Will Be Given. — A corporation may he known by several names as well as a natural person and a recovery may be had against it in its true name provided its identity be averred in pleading and apparent in proof. Where there is a variance as to the name, opportunity to amend will he allowed so as to put in issue the identity of the two corporations. Langhorne v. Rd. City R. Co., 91 Va. 364, 22 S. E. Rep. 357.
Not Pleadable in Abatement. — The misnomer of a corporation cannot he taken advantage of by plea In abatement; but where formerly pleadable In abatement, the declaration and summons may, on the motion of eitherparty, on affldavitof therightname, be amended by inserting the same therein. Code W. Va., ch. 125, § 14; First Nat. Bank v. Huntington Distilling Co., 41 W. Va. 530, 23 S. E. Rep. 792.
Abbreviated Name Used in Charter May Be Used, at Least No Objection Can Be Hade in the Appellate Court for the First Time. — Where a corporation is formally called in the charter, the “President, Directors & Co. of the Farmers’ Bank of Va.," but elsewhere in the charter and generally, merely the “Farmers’ Bank of Va.,” and it is sued in the latter name and no objection is made in the lower court, it cannot be successfully objected to in the court of appeals. Farmers’ Bank v. Willis, 7 W. Va. 31.
Change of Name, Pendente Lite, Immaterial. — A mere change of name, pendente lite, of a defendant corporation, without any change of membership or composition, will not defeat an action against the corporation. Welfley v. Shen. I., L., M. & M. Co., 83 Va. 768, 3 S. E. Rep. 376.
Misnomer of Corporation in Contracts. — “But contracts may he made by or with them, by a mistaken name if the mistake be only in syllabis et verbis and not in sensu et re ipsa." So a bond executed to the “President and Managers of the Culpeper Agricultural and Manufacturing Society” may be sued on by the “Culpeper Agricultural and Manufacturing Society,” that being the legal style of the corporation. Culpeper Agricultural, etc., Society v. Digges, 6 Rand. 165.
Contracts under an Assumed Name. — 'Wilere a corporation does business under an assumed name for its own convenience and a party contracts with it under that assumed name, having constructive *317 notice of its true name, such contract can be enforced by either party. Marinet Co. v. Archibald, 37 W. Va. 778, 17 S. E. Rep. 299.
B. LOCALITY OF SUITS AGAINST A CORPORATION. — A corporation holding land in different counties, if so empowered, by its charter, may be sued in any county wherein such land may be, though its principal office is located or its chief officer resides elsewhere. The cause of action growing out of its contracts, acts, negligences or omissions, may arise in a different county or corporation and suit may be brought where the cause of action arose without reference to the residence of the defendant corporation. B. & O. R. Co. v. Gallahue, 12 Gratt. 655.
Principal Office of Chesapeake and Ohio Railroad Company in West Virginia. — Since the charter of the C. & O. R. Co. provides that, if the company deems it inexpedient to establish its principal office in the state of West Virginia, its place of business at or nearest Charleston, shall for all purposes be deemed to be the principal office in said state; actions against said railroad company should be brought in the circuit court of Kanawha county. The fact that said company is doing business in other counties of said state will not confer jurisdiction on the courts of such counties, when the cause of action arose outside of the state; unless the president or other chief officer reside in such county. Code, ch. 123, § 1; Ballard v. C. & O. R. Co., 42 W. Va. 1, 24 S. E. Rep. 602.
What Amounts to a New Cause of Action so as to Confer Jurisdiction. — An action against a corporation bn a contract for commissions on sales of stock, made at home office, should be brought in the jurisdiction of the home office, and the fact that plaintiff received a telegram from the corporation in a different jurisdiction, telling him that he would have to divide commissions on further stock with another agent who had an option on it, is a mere modification of the former contract and confers xio jurisdiction on the courts of that place on the ground that a new cause of action arose there. Ferguson v. Grottoes Co., 92 Va. 316, 23 S. E. Rep. 761.
To Whom Process HitstBe Directed. — if the foundation of the jurisdiction is that the cause of action or some part thereof arose in Lynchburg, the process can only be directed to an officer of that city. Dictum in Guarantee Co. v. Nat. Bank, 95 Va. 480, 28 S. E. Rep. 909; Code Va., § 3220.
C. SERVICE OF PROCESS.
On Whom —Under Act 1883-4, p. 701, Code Va. 1887, § 3225, service of process on any corporation, other than a bank of circulation or a town, where the president is a nonresident, may be on any agent of the corporation, in the county or corporation in which he resides or in which the principal office of the company is located, whatever may be the employment of the agent. Norf. & West. R. Co. v. Cottrell, 83 Va. 512, 3 S. E. Rep. 123.
Service on Depot or Station Agent of Railroad Com^ pany Good. — In an action against a railroad company the summons may be served upon a depot or station agent in the actual employment of the company residing in the county or township wherein the action is brought and the return of an officer showing that such process has thus been served is sufficient. Code W. Va., ch. 52, §20; Douglass v. Kan. & Mich. R. Co., 44 W. Va. 267, 28 S. E. Rep. 705.
Where.--Service of process on the president or other officer must be in the county or corporation in the state in which he resides. The clause providing for personal service of process on a nonresident, as a substitute for an order publication, Code Va. 187, ch. 166, § 15, Code 1887, § 3232, refers only to natural persons who are nonresident defendants and has no application to nonresident defendant corporations. A judgment based on such service is void for want of jurisdiction. Dillard v. Cent. Va. Iron Co., 82 Va. 734, 1 S. E. Rep. 124; Frazier v. Railroad Co., 40 Va. 324, 21 S. E. Rep. 723; Taylor v. Ohio, etc., R. Co., 35 W. Va. 328. 13 S. E. Rep. 1009.
When.---When it appears that process to commence a suit has been served on an agent of the company, less than ten days before the return day. Code Va., § 3327, the proper mode to take advantage of it is by motion to quash the sheriff’s return and not by motion to dismiss the suit. Norfolk, etc., R. Co. v. Carter, 91 Va. 587, 33 S. E. Rep. 517.
Service on Attorney Adversely Interested Voidable. —Service of process upon the president and attorney of' a corporation who is also the attorney in adverse interest is not void but voidable on motion in time, English, J., dissenting and holding such service absolutely void. Blowpipe Co. v. Spencer, 46 W. Va. 590, 33 S. E. Rep. 342.
Service on the Quondam Officer of a Defunct Corporation Good. — Service of process on the quondam president of a defunct corporation is good; the method by publication provided by Code Va. 1887, § 1103, is merely cumulative and does not exclude the methods applicable to an existing corporation. Richmond, etc., R. Co. v. New York, etc., R. Co,, 95 Va. 386, 28 S. E. Rep. 573.
Service of Process on Officer Who Has Been Notified of His Election Is Good. — One who has been notified of his appointment as director, must be presumed to have accepted it unless he expressly declines it; service of process on such a person, therefore, is valid, especially where he makes no disclaimer. The fact that he does not notify the corporation fis immaterial. Danville, etc., R. Co. v. Brown, 90 Va. 340, 18 S. E. Rep. 278.
Disclaimer by Officers Immaterial. — Where process is duly served on officers of a corporation, such service is valid, though they disclaim the right to answer officially. Lewis v. Glenn, 84 Va. 947, 6 S. E. Rep. 866.
A Judgment without Service of Process Void — Rem= edy. — A j udgment pronounced by a justice, without service of process upon, or notice to the defendant, is void. But as such judgment may be set aside, even when rendered upon the verdict of a jury, by the circuit court upon a writ of certiorari, the defendant in the judgxnent cannot obtain relief against it in a court of equity. Kanawha & O. Ry. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924.
Presumption Thai Process Was Duly Served.Where it does not appear from the record whether process was duly served, or order of publication duly published and posted, or not, except from the decree, which declares that “process was duly served” or “order of publication was duly executed as to the defendants,” it will be presumed that it was so served or executed. Bat when the record shows the process or order of publication, and shows clearly that process was not served or order of publication executed as to any particular defendant, such declaration in the decree will not raise such presumption as to such defendant. Styles v. Laurel Fork Oil & Coal Co., 45 W. Va. 374, 32 S. E. Rep. 227.
Acceptance of Process flust Show Character in Which Process Was Received. — An acceptance of process *318 reading “Service accepted, Alf. Paul,” is bad, as not showing the character in which he received service, i. e., as attorney appointed to accept service. Adkins v. Ins. Co., 45 W. Va. 384, 32 S. E. Rep. 194.
D.. ORDER OF PUBLICATION. ■
Must Follow the Statute. — An order of publication in a suit against a corporation, along with other defendants, must follow the statute and state, on affidavit, that such defendant is a corporation and that no person can be found in the county, upon whom process can be legally served and require it to appear within one month and do what is necessary to protect its interests. Styles v. Oil & Coal Co., 45 W. Va. 374, 32 S. E. Rep. 227.
Local Attorney of Corporation a Proper Person to Hake It. — The affidavit of a corporation in an order of publication against “parties unknown” must, of necessity, be by an agent, and it is proper for the local attorney of the corporation to make it, who resides in the place where the cause of action arose and on that account is more likely to be conversant with the facts than some officer of the corporation residing elsewhere. Fayette Land Co. v. Louisville, etc., R. Co., 93 Va. 274, 24 S. E. Rep. 1016. On summoning corporations by publication, see article, 2 Va. Law Reg. 545.
É. SHERIFF’S RETURN.
Hast Show Service on Attorney Appointed to Re= ceive It. — A return of service of- a summons in an action against a foreign corporation upon an attorney, must show that he is the attorney appointed by the corporation to accept such service, otherwise it is defective and judgment on it is void, but the return may be amended. The return must state all the facts necessary to make it good, so that the court may judge of the sufficiency of the service, and where it departs from the statute, everything is inferred against it that such departure warrants. Adkins v. Ins. Co., 45 W. Va. 384, 32 S. E. Rep. 194.
Return of Service on “Lawful Attorney” Prima Facie Good. — Where the return of the sheriff, shows that the writ was served on the “lawful attorney” of a nonresident insurance corporation, this is “prima facie” service on the attorney required to be appointed.by such foreign insurance company by Code W. Va., ch. 34, § 15. Wagon Co. v. Peterson, 27 W. Va. 314.
riust Show Service on Such Attorney in the County Where fie Resides. — The return of service of process on the attorney appointed by a corporation for accepting service of process or on any officer or agent authorized by law to accept it, by Code W. Va., § 7, ch. 124, must show that such service was had in the county in which such attorney, etc., resides, sec. 38, ch. 50.
Otherwise judgment rendered on such invalid service is void for want of jurisdiction, where there is no appearance. Frazier v. R. Co., 40 W. Va. 224, 21 S. E. Rep. 723.
This applies as well to process issuing from a justice’s court as to that from any other court. Kanawha, etc., R. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924; Taylor v. Ohio River R. Co., 35 W. Va. 328, 13 S. E. Rep. 1009. But a court of equity will not enjoin such a judgment since there is adequate remedy at law by writ of Certiorari. Kanawha, etc., R. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924.
Hast Show Service Ten Days before Return Day.— Where the sheriff’s return fails to state that process was served at least ten days before the return day of such process, where that is necessarir, a judgment by default, founded on such process, is wholly void, it may be attacked in a collateral suit by third persons, it neither binds nor bars anything and all acts performed under it and all claims flowing out of it are void. Staunton Perpetual B. & L. Co. v. Haden, 92 Va. 201, 23 S. E, Rep. 285.
Amendment of Return. — Return of service of a summons from a justice’s court, defective in failing to show that service on a corporation’s agent was-made in the county of his residence, may be amended, either before the justice or in the circuit court upon appeal. Hopkins v. B. & O. R. Co., 42 W. Va. 535, 26 S. E. Rep. 187; Assurance Co. v. Everhart, 88 Va. 952, 14 S. E. Rep. 836.
Lapse of Time No Bar to Amendment. — The return of a sheriff to a summons may be amended thirteen years after judgment by default has been rendered in the action, so as to show that the county in which service was had on the defendant corporation, by giving one of the directors a copy of the summons, was the county in which he resided, and the judgment will be validated by such amendment It ¡is immaterial that subsequent mortgagees of the corporation may be injured by the amendment, it not being shown that they were aware of the irregularity in the judgment, which was duly docketed, when they took their mortgages, and if they were, they would nevertheless acquire their liens subject to the judgment plaintiff’s right to have the record perfected. Shenandoah Val. R. Co. v. Ashby, 86 Va. 232, 9 S. E. Rep. 1003.
F. SUITS BY AND AGAINST CORPORATIONS.
Prejudice against Corporations Not a Proper Question to Put to a Juror. — In an action against a corporation, a juror cannot be asked on his voir dire whether he is prejudiced against corporations. Atlantic, etc., R. Co. v. Reiger, 95 Va. 418, 28 S. E. Rep. 590.
No Averment of Incorporation Necessary, Only Proof of It at the Trial, by Old Rule. — A corporation need not set forth in its declaration how they are a -corporation, but must prove it at the trial; and this rule applies to motio?is as well as to suits by a corporation. Grays v. Turnpike Co., 4 Rand. 578; Anderson v. Kanawha Coal Co., 12 W. Va. 526; Rees v. Conococheague Bank, 5 Rand. 326; Taylor v. Bank of Alexandria, 5 Leigh 471; Jackson v. Bank of Marietta, 9 Leigh 240; Quarrier v. Insurance Co., 10 W. Va. 507; Lithgow v. Com., 2 Va. Cas. 297. And the same rule holds where a corporation is sued, nor do the provisions of.sections 1 and 18, ch. 61, Code W. Va. 1860, “that an action for excessive charges cannot be maintained against anyone but an incorporated railroad company affect the case. Hart v. B. & O. R. Co., 6 W. Va. 336.
Same Rule in Criminal Proceedings against Corpora» tions. — In criminal prosecutions against corporations, the fact of the incorporation of defendant does not have to be proven unless such fact is put in issue as provided in section 41, ch. 125, Code. State v. Thacker Coal & Coke Co. (W. Va.), 38 S. E. Rep. 539, See also, Lithgow v. Com., 2 Va. Cas. 297.
Now Not Even Necessary to Prove It at the Trial un= less Denied under Oath. — In a suit against a corporation it is not necessary to aver in the declaration, that it is a corporation, nor is it necessary to prove at the trial that the defendant is a corporation, unless with the plea there is filed an affidavit denying the fact. The court will take notice of the fact ex officio. Code Va. 1887, sec. 3280; B. & O. R. Co. v. Sherman, 30 Gratt. 602; Gillett v. American Stove, etc., Co., 29 Gratt. 565; Douglass v. K. & M. R. Co., 44 W. Va. 267, 28 S. E. Rep. 705. And the plea of “nul *319 riel corporation'’ unaccompanied by an affidavit deriving the corporate, existence of the plaintiff, does not put the plaintiff to the proof of its corporate existence. Crews v. Farmers’ Bank, 31 Gratt. 348.
Never Necessory trader a Plea of Conditions Per» formed. — But. while under a special plea that the I>1 aintiff was not a corporation or under the general issue, as non est factum, not guilty, and non assumpsit, it was necessary to prove plaintiff’s existence as a corporation, under a idea of conditions performed, it never was necessary, since by such a plea, the defendant admits the obligee of the bond had an existence as a corporation. Central Land Co. v. Calhoun. 16 W. Va. 361.
Affidavit Must Deny Corporate Existence at Time of Contract Sued on. — The affidavit denying the fact of incorporation, which is necessary to pnt such fact in issue. Code Va. 1887. § 3280, must deny the corporate existence at the time of the contract s'ued on; it is not sufficient merely to deny it at the time of the institution of the suit. Richmond, etc., R. Co. v. New York, etc.. R. Co., 95 Va. 386, 28 S. E. Rep. 573.
Evidence of Incorporation.
Books of Corporation the Best Evidence. — The books of a corporation are the best evidence of due incorporation and ought to be admitted and all fair presumptions will be made in favor of the regularity of incorporation. Grays v. Turnpike Co., 4 Rand. 578.
Records and Parol Evidence.- The organization of a corporation may be proved by its records and parol proof, without the production of its list of subscribers. Crump v. U. S. Mining Co., 7 Gratt. 352.
Its Deed trader Seal Evidence of Incorporation.--A deed of the corporation, signed with its na.me by the secretary and under the seal of the corporation, duly acknowledged and admitted to record and reciting that "it is a corporation framed under the laws of the state of New York” is prima facie evidence of incorporation. Anderson v. Kanawha Coal Co., 12 W. Va. 526.
Certificate of Incorporation. - -Where the certificate of incorporation discloses no error on its face and is in accordance with the provisions of Code W. Va.. ch. 54. sections 6. 7, 8, 9, 10, ch. 53, § 62. it is sufficient evidence of the existence of the corporation, and, haring conducted business as a corporation, the validity of its incorporation cannot be attacked by proving aliunde, the certificate that certain prerequisites of the law had not been in good faith complied with. Laflin & Rand Powder Co. v. Sinsheimer. 24 Am. Rep. 522.
Certified Copy of Certificate of incorporation. — A certified copy of the certificate of incorporation, duly authenticated is sufficient evidence of the fact of incorporation Manufacturing Co. v. Bennett, 28 W. Va. 16.
Not Inferred from fjcrely Doing Business as :■ Cor» porallon. — The fact of incorporation cannot be inferred from the mere doing basiiless as if incorporated. Jackson v. Bank of Marietta, 9 Leigh 240.
Ex Parte Affidavit Not Sufficient. — Where the only proof of incorporation is the ene parte, affidavit of a witness, which is excepted to by opposing counsel, -such proof is insufficient and the bill should be dismissed. Bowyer v. Giles, etc., Turnpike Co., 9 Gratt. 109.
Estoppel to Deny incorporation. — A i)ariy who has contracted with a corporation, as such, cannot afterwards raise the objection, that, at the time he entered into such contract, the corporation was not legally incorporated, if such corporation could constitutionally exist. Manufacturing Co. v. Bennett. 28 W. Va. 16; Marmet Co. v. Archibald, 37 W. Va. 778. 17 S. E. Rep. 299; Bon Aqua Imp. Co. v. Insurance Co., 34 W. Va. 764, 12 S. E. Rep. 771.
Where one party has admitted the due incorporation of the other in the facts agreed in the case, he will not be allowed in that case to question the existence of such fact. Nat. Building & Loan Ass’n v. Ashworth, 91 Va. 706. 22 S. E. Rep. 521.
When Court WiHl Notice Incorporation Ex Officio. Banks. — Where the charier of a corporation in a public act. e. ithe charter of a bank, it is not necessary for (he corporation in bringing an action to prove its incorporation. Northwestern Bank v. Machir. 18 W. Va. 271; Hays v. Northwestern Bank, 9 Gratt. 127; Stribbling v. Bank, 5 Rand. 132.
Extension of Such Charters — And the court will take judicial cognizance, not only of the original charter of a bank; but likewise of acceptance by the bank of an extension of its charter. Farmers’ Bank v. Willis, 7 W. Va. 31.
Railroads. — The acts of the Legislature conferring corporate powers on the B. ft O. R. Go. are public acts and will be noticed by the court ex officio. Hart v. B. & O. R. Co., 6 W. Va. 336; State v. B. & O. R. Co., 15 W. Va. 362.
Charters of Private Corporations Created under Gen» era! Law and Printed with Public Acts. — Though the court expressly declined to decide the question, as not necessary to the decision in that case, Bon Aqua Imp. Co. v. Insurance Co., 34 W. Va. 764, 12 S. E. Rep. 771, they plainly indicated that, if the case arose, they wouia hold that the courts would take judicial notice of private corporations created under general law, whose certificates were printed with the public acts of the Legislature, in accordance -with sec. 19, ch. 54, Code W. Va. 1891.
But an Act Creating a Rolling Mill, Private. — An act of the Legislature chartering a rolling mill is a private act, hence the provision of sec. 4203 of the Code, excluding from the operation of the Code aay act passed between the 15th of March, 1887, and the 1st of May, 1888, does not apply, this provision referring merely to public acts. Va. Devel. Co. v. Crozer Iron Co., 90 Va. 126, 17 S. E. Rep. 806.
Inability of Corporation to flake an Affidavit. — In a suit against a corporation, a replication to a plea of the statute of limitations by the corporation, to the effect that the plaintiff could not truly make the affidavit prescribed by sec. 27, ch. 106, Code W. Va. 1868 is bad. since a plaintiff is excused from making such an affidavit in a suit against a corporation, the. corporation on its part being unable to make an affidavit. Stuart v. Greenbrier Co , 16 W. Va. 95. The same is true where a corporation is plaintiff. Bank v. Handley, 14 W. Va. 823.
Answer of Corporation Must Be under Common Seal, Effect. — A corporation cannot lie sworn and therefore must putin its answer under its common seal only. If the plaintiff wishes to have a sworn answer, he must make some of the officers or members of the corporation parties. The answer of a corporation not being verified by affidavit, is no evidence for the defendant, though responsive to the bill; but it puls the allegation to which it responds in issue and imposes on the plaintiff the burden of proving it. This is its effect on a motion to dissolve an injunction, as well as on the hearing of the cause. B. & O. R. Co. v. Wheeling, 13 Gratt. 40; B. & O. R. Co. v. Gallahue, 12 Gratt. 655; Jeter v. Railroad Co., 35 W. Va. 433, 14 S. E. Rep. 146.
*320 Bill of Discovery against Corporation Alone, Host Be Dismissed. — Since corporations cannot answer under oath, hut only under their corporate séal, a hill of discovery against a corporation alone must be dismissed. The proper method is to make such officers or shareholders as are personally cognizant of the facts wanted, parties defendant along with the corporation. Roanoke St. R. Co. v. Hicks, 96 Va. 516, 32 S. E. Rep. 295; Jeter v. Railroad Co., 35 W. Va. 433, 14 S. E. Rep. 146.
Pleading of Corporation Should Be Verified by Affidavit of Someone Conversant with the Facts. — A pleading of a corporation should be verified by the affidavit of the president or some other officer conversant with the facts, the affidavit of the attorney at law of the corporation is not sufficient, Brannon, P., saying: “What would he know of the indebtedness, unless he should show that he was personally cognizant of the facts? Doubtless there are instances, in which an attorney may make affidavit for a corporation; but this is an instance where the affidavit calls for personal knowledge of the facts» the account between the parties, if any instance does.” In such affidavit the affiant must state the facts» as of his own knowledge, and not as hearsay. Quesenberry v. B. & L. Ass’n, 44 W. Va. 512, 30 S. E. Rep. 73.
In Pleas to the Jurisdiction, Corporations Must Appear by Its President, Not in Person or by Attorney. —A corporation cannot, in pleas to the jurisdiction, appear either in person or by attorney, but must appear by its president. Quarrier v. Insurance Co., 10 W. Va. 507.
Form of Plea. — A plea to the jurisdiction by a corporation should conclude “whether the court can or will take further cognizance of the action aforesaid” not “that the plaintiff’s aforesaid action may abate and be dismissed.” The affidavit also should b^positive and not “as affiant verily believes.”
Further, the necessary facts should be alleged to have existed when the action was brought, not merely when the plea was filed. The language of the plea in these respects should have been “That the cause of action, if any such cause there was, did not, nor did any part thereof, arise in said county of Kanawha, and the principal office of the said corporation was not, and the president, who is its chief officer, did not, reside in that county at the time said action was brought, but its office and his residence were at the time and ever since have been, and now are in the county of Ohio, and in the last named county, there arose the cause of action and evérypart thereof, if any such cause there was.” Quarrier v. Insurance Co., 10 W. Va. 507; Guarantee Co. v. Nat. Bank, 95 Va. 480, 28 S. E. Rep. 909.
One Party to a Contract Not Disqualified to Testify because Other Party Is a Corporation. — A corporation must of necessity contract through its agents, and is incapable of testifying except through the mouth of its agents. Its incapacity to testify does not, however, operate to exclude the testimony of a party with whom it has made a contract or had a transaction, which is the subject of a suit between them, because it is not incapacitated to testify by reason of death, insanity, infamy, or other legal cause, the causes specified by the statute, whose existence shall disqualify the other party as a witness in his own favor, unless he be first called to testify in favor of the party who is incapable of testifying by reason of some one of the causes so specified. Mutual Life Ins. Co. v. Oliver, 95 Va. 445, 28 S. E. Rep. 594; Kelly v. Board, 75 Va. 263.
Death of Other Party Does Not Disqualify Agent of the Corporation. — The agent of a corporation is not disqualified to testify by the death of the other party to a transaction, the original parties to which were the corporation and the said party. Unless the agent is one of the “original parties” to the contract, he is not incompetent ; the test of competency being not the fact to which such party is called to testify, but the contract or other transaction, which is the subject of investigation. Mutual Life Ins. Co. v. Oliver, 95 Va. 445, 28 S. E. Rep. 594; First Nat. Bank v. Terry, 99 Va. —, 6 Va. Law Reg. 770.
BX. FOREIGN CORPORATIONS.
A. NO LEGAL EXISTENCE OUTSIDE OF STATE; CREATING THEM. — A corporation exists only in. contemplation of law, and by force of law, and cam have no legal existence beyond the bounds of the state or sovereignty by which it is created. Rece v. Newport News & M. V. Co., 32 W. Va. 164, 9 S. E. Rep. 214.
Not “Citizens” within the Language of the Federal Constitution.
Power of Legislature to Exclude Them. — The clause of the federal constitution, art. 4, § 2, declaring that the citizens of each state are entitled to all the privileges and immunities of citizens of the several states, does not apply to corporations. Samuels, J.,. in Slaughter v. Com,, 13 Gratt. 767, said: “I have no doubt of the power of^ the general assembly of Virginia to forbid foreign corporations from engaging in any pursuit within the state ; and, of consequence, to grant permission Tto engage therein only upon terms; and that a statute imposing a fine for doing business without’ a license. Code Va. 1849, ch. 38, § 25, is clearly within the scope of their legitimate powers.”
If Admitted, It May Exercise All Its Charter Powers Unless in Contravention of the Laws or Policy of the-State. — When a state permits a foreigner to come into its territory for the purpose of carrying on its business it must be presumed to have consented that that company should exercise all of the powers conferred by its charter and the general laws, appertaining thereto, unless prohibited from doing so by the direct enactments of the state or by some rule of public policy to be deduced from the general, course of legislation. Bockover v. Life Ass’n, 77 Va. 85.
Statutory Provisions for Admission.
Foreign Corporations, to Sustain an Action, Need. Not Allege Compliance with Such Statute.
Defendant flust Plead and Prove Such Non-CompIi«ance. — it is not necessary for a foreign corporation, in order to sustain its action, to set forth in its complaint that it has complied with the laws of the state which entitled it to do business therein, but this defense, if available, is a matter to be pleaded and proved by the defendant. Nickels v. Build. & Loan Ass’n, 93 Va. 380, 25 S. E. Rep. 8.
And Heilust State in What Respect the Plaintiff Has Failed. — If the fact relied on by the appellee is that, the appellant corporation has not complied with the requirements of the law, requiring a foreign corporation to have an office in the state, Code Va. 1887,
§ 1104, it is essential that the appellee allege in his bill in -what particular the appellant has failed. Nat. Build. & Loan Ass’n v. Ashworth, 91 Va. 706, 22 S. E. Rep. 521; 1 Va. Law Reg. 519.
Effect of Compliance.
Still Nonresidents within the Meaning of the Attachment Laws. — Whilst a corporation may by its. *321 agents transact business anywhere, unless prohibited by its charter or by local laws, it can have no residence or citizenship, except where it is located by the authority of its charter. Hence a foreign corporation by complying with the requirements of the Va. statute, Code 1873, ch. 36. § 19, Code 1887, ch. 53, for doing business in the state of Virginia by making a deposit and appointing a resident agent, etc., is not a resident of Virginia within the meaning of the foreign attachment laws and the propert3r of such corporation is liable to attachment as a nonresident. Cowardin v. Ins. Co., 32 Gratt. 445.
The appointment by a foreign corporation of an attorney in West Virginia to accept service of process. Code W. Va.. ch. 54, sec. 24, does not make it a domestic corporation: it is still liable to attachment as a foreign corporation. Quesenberry v. Ass’n, 44 W. Va. 512, 30 S. E. Rep. 73; Savage v. Ass'n, 45 W. Va. 273, 31 S. E. Rep. 991.
A statute merely enabling a foreign corporation to hold properly or do business in this state and have the same powers, rights and privileges and be subject to the same regulations, restrictions and liabilities, as domestic corporations, Code W. Va., ch. 54, § 30, does not make it a domestic corporation, and it may be proceeded against by attachment as a foreign corporation. Savage v. Ass’n, 45 W. Va. 275, 31 S. E. Rep. 991; Quesenberry v. Ass’n, 44 W. Va. 512, 30 S. E. Rep. 73.
But Cannot Be Required to Ciive Security for Costs.— A foreign corporation which has complied with the requirements of sec. 24, ch. 54, Code W. Va., as to appointing a resident agent is not to be considered a nonresident, so as tobe required to giye security for costs as plaintiff. Marmet Co. v. Archibald, 37 W. Va. 778, 17 S. E. Rep. 299.
Are Residents for the Purpose Being Sued. — But by compliance with the terms of such statute a foreign corporation is to be considered, for the purpose of being sued, as domiciled in Virginia and is entitled to rely on the statute of limitations just as if it had been chartered by the legislature of Virginia. Insurance Co. v. Duerson, 28 Gratt. 630; Cowardin v. Insurance Co., 32 Gratt. 445, approved in Hall v. Bank of Va., 14 W. Va. 584; Abell v. Insurance Co., 18 W. Va 400. But where afterwards such corporation ceases to do business in the state and neglects to appoint an agent and otherwise fulfill the requirements of the statute, this is a withdrawal from the .state and an obstruction of the plaintiff and such period is not to be counted in the running of the statute of limitations, in accordance with sec. 18, ch. 104, Code of W. Va. Abell v. Insurance Co., 18 W. Va. 400.
Corporations Existing When Constitution of West Virginia Adopted in i860. — Under the 8th section of art. 11 of the constitution of West Virginia providing that the common law and laws of Virginia at the time of the constitution, not repugnant thereto, shall be and continue the law of West Virginia until altered or repealed by the Legislature. the charter of a bank incorporated in Virginia, having branches in West Virginia is continued in full force, unless repugnant to the constitution, as a domestic corporation of West Virginia and cannot be proceeded against as a foreign corporation by attachment or otherwise. Nor is the case of Parker v. Donnally, 4 W. Va. 648, even impliedly in conflict with this doctrine. Farmers’ Bank v. Gettinger, 4 W. Va. 305.
But during the war all power of a Virginia corporation to do business in West Virginia was suspended and it was proper to proceed against it by attachment as a foreign corporation. Hall v. Bank of Va., 14 W. Va. 584.
Effect on Contracts of Non-Compliance.--A contract made by a foreign corporation before it has complied with the statutory prerequisites to the right to do business in another state will not on that account be held absolutely void, unless the statute expressly so declares; and, if the statute imposes a penalty upon the corporation for failing to comply with such prerequisites, such penalty will be deemed exclusive of all others. Toledo Tie & Lumber Co. v. Thomas, 33 W. Va. 566, 11 S. E. Rep. 37; Building Ass’n v. Snyder, 98 Va. 710, 37 S. E. Rep.. 298; 1 Va. Law Reg. 524, and note.
B. SUITS BY AND AGAINST.
Power of a Foreign Corporation io Sue in Virginia Courts.--A foreign corporation may sue in our courts upon a contract with them, valid according' to the laws of the country in which the contract was made, unless contrary to the policy of the laws of Virginia. Rees v. Conococheague Bank, 5 Rand. 326; Bank of Marietta v. Pindall, 2 Rand. 465; Taylor v. Bank of Alexandria, 5 Leigh 471; Freeman’s Bank v. Ruckman, 16 Gratt. 126.
But no foreign bank can sue on a primary contract made in Virginia by discounting notes or otherwise. Bank of Marietta v. Pindall, 2 Rand. 465.
Power of Receiver, etc., of Foreign Corporation to Sue in Virginia Courts. — The law is now settled by an irresistible preponderance of authority that a receiver, trustee, or assignee of a foreign corporation, with general powers over the property of such corporation, has the right, by virtue of the comity existing between the various states of this Union, to sue for any debt, claim, or properly owing to or belonging to such corporation. Swing v. Bentley & Gerwig Furniture Co., 45 W. Va. 283, 31 S. E. Rep. 925.
Power of Local Courts over Foreign Corporations. Will Not Interfere with Their Internal Management.— It seems to be well settled that the domestic courts, will not interfere with the management of the internal affairs of a foreign corporation. The reasons for such a rule are apparent. Courts other than those of the state creating it, and in which it has its habitat, have no visitorial powers over such corporation, nor any authority to remove its officers, or to punish them for misconduct committed in the state which created it, or to enforce a forfeiture of Us charter. Neither have they the power to compel obedience to their orders, or to enforce their decrees. Taylor v. Mutual, etc., Life Ass’n, 97 Va. 67, 33 S. E. Rep. 385.
A Virginia court will not enjoin a foreign corporation from forfeiting the policy of insurance of a citizen of Virginia nor require it to exhibit its books, papers, etc., since it has no means of enforcing such decrees. Nor can a court under such circumstances proceed to construe the contract and thus render the matter “res judicata,” since it has no jurisdiction of it. Taylor v. Mutual, etc., Life Ass’n. 97 Va. 60, 33 S. E. Rep. 385.
But They Will Protect a Local Stockholder’s Individual Rights. — Where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders’ meeting or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and in the case of a foreign corporation our courts will not take juris *322 diction. Where, however, the act of the foreign corporation complained, of affects the complainant’s individual rights only, then our courts will take jurisdiction whenever the cause of action arises here. Taylor v. Mutual, etc., Life Ass’n, 97 Va. 68, 33 S. E. Rep. 385.
How Jurisdiction of Foreign Corporation Hay Be Acquired.“-Jurisdiction over' a foreign corporation hy the domestic courts can only he acquired in one of three ways. By the cause of action or part thereof having arisen in the state, Code Va., § 3215; hy being sued with another wb o is a resident thereof, 8 8214, par. 1, or hy having estate or debts owing to it within the state, § 8214, par. 4. Guarantee Co. v. Nat. Bank, 95 Va. 480, 28 S. E. Rep. 909.
Suit nay Be Brought in Any County Where Corporation Has Estate or Debts Due it. — A suit against a foreign corporation may be brought in any county wherein it has estate or debts due. It is a nonresident under clause 3, § 1-, ch. 123, Code W. Va. Quesenberry v. B. & L. Ass’n, 44 W. Va. 512, 30 S. E. Rep. 73.
Under the act, 1 R. C. 1819, p. 474, ch. 123, directing the method of proceeding in courts of equity against absent debtors, a creditor of a corporation created by another state may maintain a suit in equity against such corporation, as a defendant out of this commonwealth, where there are persons within -the same who have in their hands effects of, or are indebted to, such absent defendant; or may maintain a suit in equity against such corporation as an absent defendant, where it has lands or tenements within the commonwealth. Bank of U. S. v. Merchants’ Bank. 1 Rob. 573.
In West Virginia Suit Hay Be Brought in Any County Where the Corporation Does Business. — A foreign corporation is liable to suit or garnishment in any county of West Virginia wherein it does business and has an agent upon whom process may be legally served according to sec. 7, ch. 124, Code W. Va. 1891, although the course of action arose without the state. Code W. Va., ch. 123, sec. 1; Mahany v. Kephart, 15 W. Va. 609.
Legislature May Authorize Suit “In Personam” if Process Can Be Legally Served on Foreign Corporation. —It is within the power of a state legislature to authorize a suit against a foreign corporation in personam as well as in rem. Hence a foreign corporation doing business in West Virginia may be sued in any particular county of said state by clause 2, sec. 1, ch. 123, Code W. Va. 1891. provided service of process can be lawfully had by sec. 7, ch. 124. Humphreys v. Newport News, etc., R. Co., 33 W. Va. 135, 10 S. E. Rep. 39.
When Local Courts Will Render a Personal Decree.
Actual Service of Process or Appearance Necessary. —Apersonal decree for speciflcperformance may he rendered against a foreign corporation when actual service of process has been made within the state under the provisions of the Code W. Va., ch. 124, sec. 7. Shafer v. O’Brien, 31 W. Va. 601, 8 S. E. Rep. 298; Crumlish v. R. Co., 28 W. Va. 623.
In Gilchrist v. Land Co., 21W. Va. 115, the court was forced to follow the construction of the New York courts in holding that no personal decree could be rendered against foreign corporations unless it had appeared, but the doctrine of Shafer v. O’Brien, 31 W. Va. 601, 8 S. E. Rep. 298, is that of the West Virginia courts.
Not Necessary fora Decree in Rem. — It is not denied that a corporation, like an individual, cannot he bound personally, unless it appears or is, by proper summons within its jurisdiction, brought before the court; hut it cannot he questioned, that a court may, withourt personal service, take jurisdiction of the property of a nonresident person or foreign corporation, and its decree, to the extent that it takes possession and disposes of the property within its jurisdiction, will he binding upon all parties affected or interested whether resident or nonresident. Crumlish v. Railroad Co., 28 W. Va. 623; Dillard v. Cent. Va. Iron Co., 82 Va. 734, 1 S. E. Rep. 124.
Cannot Be Compelled to Answer. — A foreign corporation cannot he compelled to file an answer. B. & O. R. Co. v. Wheeling, 13 Gratt. 40.
Suit to Settle the Affairs of a Foreign Corporation flay Be Brought in Circuit Court in West Virginia.— The doctrine of Nimick v. Iron Works, 25 W. Va. 184, that a general suit to settle the affairs of a foreign corporation must he brought in the state of its domicile, has been superseded by sec. 58, 59; ch. 53, Code W. Va., which gives the circuit court jurisdiction of such suits. Swing v. Furniture Co., 45 W. Va. 283, 31 S. E. Rep. 925; Swing v. Veneer & Panel Co., 45 W. Va. 288, 31 S. E. Rep. 926.
Removal of Suits to Federal Courts.
A Corporation Is a Citizen of the State Creating It.— Where a corporation is created hy the laws of a state, the legal presumption is that all its members are citizens of the state hy which it was created ; and in a suit hy or against it, it is conclusively presumed to be a citizen of such state. Rece v. Newport News & M. V. Co., 32 W. Va. 164, 9 S. E. Rep. 214. See full discussion in Hall v. Bank of Va., 14 W. Va. 584.
Citizenship of Stockholders Immaterial. — Where the plaintiff and defendant corporation are both corporations of Virginia the owners of the stock, though nonresidents, are not entitled to have the cause removed to the federal courts. Wash. Alex. & Georg. R. Co. v. Alex. & Wash. R. Co., 19 Gratt. 592.
Corporations Created by Two or More States.
Distinct Corporations, Citizens of Each State. — While a corporation, hy the same name, may be chartered by two states, clothed with the same capacities and powers, and intended to accomplish the same objects, and be exercising the same powers and duties in both states,'yet it will, in law, he two distinct corporations, — one in each state, — with only such corporate powers in each state as are conferred hy its creation in that state. Rece v. Newport News & M. V. Co., 32 W. Va. 164, 9 S. E. Rep. 212.
A railroad extending through two or more states and incorporated by the laws of each is not a joint corporation of the two states hut a separate corporation in each state subj ect only to the laws of each state within the respective jurisdictions, however those laws may conflict as to the opération of the' road, and one state cannot impose any restrictions or limitations upon the exercise of corporate powers in the other. Atwood v. R. Co., 85 Va. 966, 9 S. E. Rep. 748.
Such a corporation is a citizen of each state in respect of its rights of suing and being sued in the federal courts, i. e. it cannot sue or he sued in such courts hy a citizen of any state in which it is incorporated. And at all events a corporation which is chartered in West Virginia and has accepted its Charter by actually doing business there, must, in a suit in the West Virginia courts, he regarded as a domestic corporation resident in West Virginia. Hall v. Bank of Va., 14 W. Va. 584.
*323 A Corporation Recfoartcred or Licensed to 5>© BurE ness in More Than One State. ---A railroad corporation maj* have an existence for the purpose of suing and being sued by the citizens thereof in more than one state, if ciiartered or licensed to build its road and do business in more than one. So the 1?. & O. It. Co. ih a domestic corporation in West Virginia and as Mic,h is liable to be sued there and when sued there by a citizen of that state, in a state court such suit cannot be removed into the federa] courts and those courts have no jurisdiction in such a case. B. & O. R. Co. v. P. W. & Ky. R. Co., 17 W. Va. 812; Goshorn v. Board, 1 W. Fa. 307.
The B. & G\ It. Go. under the charter granted by The legislature of Virginia re-enacting the Maryland charter and conferring the same rights and privileges, is a Virginia corporation and liable to be sued in Virginia. B. & O. R. Co. v. Gallahue, 12 Gratt. 655.
Necessary Allegations of Citizenship, “-in a petition for the removal of a cause to the federal courts on the ground that defendant is a foreign corporation, it is necessary to allege not only that it is a citizen of another state bat also that it is not a resident of Virginia, since a foreign corporation may become a resident oi any state for the purposes of suit. Guarantee Co. v. Nat. Bank, 93 Va. 480, 28 S. E. Rep. 909.
When Me tie a for Removal Gust Be Made. — Amotion for removal to a federal court on account of diversity of citizenship is not made too late when made after a trial before a justice, a justice’s court not being a “state court” within the language of the act of Congress. Rathbone Oil Tract Co. v. Rauch, 5 W. Va. 79.
Foreign Corporation Leasing Railroad iia Virginia Liafoie to Suit in Virginia Courts. — Where a railroad which was incorporated in. another state leases a railroad lying in Virginia and operates the same as owner thereof and an injury occurs on said railroad, the person having the right of action for such iuj ury may sue the railroad in the courts of Virginia, and such company has no right to remove the suit to the federal courts. B. & O. R. Co. v. Wightman, 29 Gratt. 481; B. & O. R. Co. V. Noell, 32 Gratt. 394. Ho also where a corporation is rechartered in West: Virginia or receives a license to extend its system 1 into West Virginia. B. & O. R. Co. v. F. W. & Ky. R. Co., 17 W. Va. 812.
hi West Virginia an Agreement Not to Remove Suits to Federa" Courts as Condition of Admission within the Hiato Is Void. — So much of section 30. oil. 54, of Code of West Virginia, as declares that foreign railroad corporations, doing business in West Virginia shall, in all suits and legal proceedings, be held and treated as domestic corporations of West Virginia, and requires any such corporation to file an agreement to that effect, is, so far as it attempts to deprive such corporation of the right to remo ye to the federal courts suits brought by or against it in the courts of West Virginia, in cases in which it would otherwise be entitled to such right, inoperative and void; and such foreign corporation may exercise such right in any proper case, notwithstanding i¿ has executed and filed such agreement in pursuance of the provisions of said statute. Rece v. Newport News & M. V. Co., 32 W. Va. 164, 9 S. E. Rep. 212.
Cmiaoi Contract as to Jurisdiction of Suits. — A provision endorsed on the certificates of stock issued by a foreign corporation, that any action brought against said corporation toy its stockholders shall be brought in. a certain county of the state of its domicil, is void, as jurisdiction cannot be taken away by consent. Savage v. B. & L. Ass’n, 45 W. Va. 275, 31 S. E. Rep. 991.
C. TAXATION OF FOREIGN CORPORATIONS, STATE MAY TAX THEM, IF IT DOES NOT DISCRIMINATE AGAINST NONRESIDENTS. — It is competent for a state to impose a tax upon individuals or corporations within its territory; ana such tax, if it does not discriminate, against nonresidents or the products of other states, may be upon the property, or franchises, or the business, of the individual or corporation; and its validity is not at all affected by the consideration that the party is engaged in foreign as well as domestic trade and traffic. West. U. Tel. Co. v. City of Richmond, 26 Gratt. 26.
It May Be ift the Forna of a License Tex.- — "The council of the city of Richmond has authority, under the charter of the city, to impose a license tax upon a foreign telegraph company having an agency in the city and doing business therein. And there is nothing in the constitutions and laws of Virginia or of the United States which forbids such a tax. if it is equal and just in its provisions. Though the ordinance of the city speaks only of persons or firms doing business in the city, yet, as it imposes a tax in terms on telegraph companies, it is obviously intended to include incorporated companies as well as individuals. Corporations are to be deemed and taken as persons when the circumstances in which they are placed are identical with those of natural persons expressly included in a statute.” Western Union Telegraph Co. v. City of Richmond, 26 Gratt. 1.
A statute imposing a license tax on foreign corporations and not on those created by Virginia is not in contravention of the Virginia constitution, art. X, sec. 1. providing that taxation shall be equal and uniform, since, that does not apply to taxes on licenses, whose values are too unequal to be taxed uniformly. Slaughter v. Coin., 13 Gratt. 767.
When Residents within Meaning of Revenue Laws. - A foreign corporation, which has a place of business in Virginia where it sells its machines and has paid the required state tax, is a resident merchant in the meaning of the revenue laws of Virginia. Webber v. Com., 33 Gratt. 898.
Agencies of Use Federal Government.
State May Tax Their Property font Not the Insira~ mcntalities of the Government in Their Possession. - The cases recognize a distinction between taxation oí the property belonging to a private corporation employed by the government, and taxation of the instrumentalities or means of the government in the possession of such corporation. The state may tax a banking institution; but it cannot tax the currency or the government’s bonds belonging to such bank. It rnay tax the railroad, but not the mail or the munitions or other property of the government. It may tax the contractor with the government, though not the contract. Western Union Telegraph Co. v. City of Richmond. 26 Gratt. 2.
Provided Congress Has Not Exempted TLem from State Taxation. — Corporations, which derive their existence and exercise their franchises under authority of state laws, but are employed by the national government for certain duties and services, may be exempted by Congress from any state taxation which will really prevent or impede such services, yet in the. absence of legislation by Congress to indicate that such exemption is deemed essential to the performance of governmental services, it cannot be claimed on the mere ground that the corporation is employed as an agency of *324 the government. And the tax may he either upon the property or business of the corporation. Western Union Tel. Co. v. City of Richmond, 26 Gratt. 2.
Manufacturing; a Patented Article Gives No Exemption. — The fact that a foreign corporation is manufacturing a patented article does not entitle it to sell them in Virginia without complying with the requirements of the state revenue laws. Webber v. Com., 33 Gratt. 898.
D. EFFECT OF WAR ON POWERS OF FOREIGN CORPORATIONS. — A corporation chartered under the laws of Virginia before the late civil ivar and having its office and place of business, its officers and directory in the city of Richmond, if not actually dissolved, at least was, so far as to suspend, its power to make assessments on property outside the jurisdiction of the Confederate government during the war, as being against the policy of the law. Mut.. etc., Soc. of Va. v. Board, 4 W. Va. 343. See also, Hall v. Bank of Va., 14 W. Va. 484.